| | |
|---|---|
| SCOTT YOUNG (10695) | TANI PACK DOWNING (06122) |
| SNOW CHRISTENSEN & MARTINEAU | JAMI R. BRACKIN (08753) |
| 10 Exchange Place, 11th Floor | RYAN N. DOOLEY (17009) |
| Salt Lake City, Utah  84111 | CITY OF ST. GEORGE |
| Telephone:  (801) 521-9000 | 175 E. 200 N. |
| rsy@scmlaw.com | St. George, Utah 84765 |
| *Attorneys for Defendants* | tani.downing@sgcity.org |
| | jami.brackin@sgcity.org |
| | ryan.dooley@scgity.org |
| | *Attorneys for Defendants* |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SOUTHERN UTAH DRAG STARS, LLC, and MITSKI AVALOX,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ST. GEORGE, CITY COUNCIL OF ST. GEORGE, COUNCILMEMBER JIMMIE HUGHES, COUNCILMEMBER DANIELLE LARKIN, COUNCILMEMBER NATALIE LARSEN, COUNCILMEMBER GREGG MCARTHUR, COUNCILMEMBER MICHELLE TANNER, MAYOR MICHELE RANDALL, and CITY MANAGER JOHN WILLIS,<br><br>Defendants. | **DEFENDANTS CITY OF ST. GEORGE; CITY COUNCIL OF ST. GEORGE, COUNCILMEMBERS JIMMIE HUGHES, DANIELLE LARKIN, NATALIE LARSEN, GREGG MCARTHUR, AND MICHELLE TANNER; MAYOR MICHELE RANDALL; AND CITY MANAGER JOHN WILLIS'S ANSWER AND JURY DEMAND**<br><br>Civil No. 4:23CV44<br><br>Honorable David Nuffer |

Defendants City of St. George, City Council of St. George, Councilmembers Jimmie Hughes, Danielle Larkin, Natalie Larsen, Gregg McArthur, and Michelle Tanner, Mayor Michelle Randall, and City Manager John Willis (collectively "St. George City" or "Defendants") answer

Plaintiffs Southern Utah Drag Stars, LLC ("Southern Utah Drag Stars") and Mitski Avalox's (collectively "Plaintiffs") Complaint as follows:

## PRELIMINARY STATEMENT

Plaintiffs claim St. George City and its elected and appointed officials violated their First Amendment rights by (1) rejecting their appeal of a denial of a special events permit to host a event at a public park, and (2) enacting an ordinance placing a 6-month moratorium on special event permits. Plaintiffs sought a preliminary injunction to hold their event on June 30, 2023, which the Court granted. St. George City chose not to appeal the Order and to allow the event to go forward, even though it steadfastly maintains it did not violate Plaintiffs' constitutional rights. St. George City has a long history of supporting the LGBTQ+ community, as shown by the annual Pride Festival it has hosted since 2016. It considers all event applications equally, and its elected officials acted within the capacity for which they were voted into office, which includes planning and scheduling events in a manner that serves the community and protects city parks and other event forums. St. George City looks forward to vindicating its actions over the course of this lawsuit.

## FIRST DEFENSE

Plaintiffs' complaint fails to state a claim upon which this Court may grant relief.

## SECOND DEFENSE

Defendants admit and deny the allegations in Plaintiffs' Complaint as follows:

1. Deny the allegations in Paragraph 1.

2.  Admit the allegation in Paragraph 2 that Plaintiff Southern Utah Drag Stars, LLC sought a permit from St. George City and the permit was denied. Deny all other allegations in this paragraph.

3.  Deny the allegations in Paragraphs 3-4.

4.  Admit the allegation in Paragraph 5 that St. George City adopted an Ordinance that instituted a 6-month moratorium on all special events. Deny all other allegations in this paragraph.

5.  Deny the allegations in Paragraphs 6-7.

6.  Admit the allegations in Paragraphs 8-12.

7.  Deny the allegations in Paragraphs 13-14 for lack of information or belief.

8.  Admit the allegations in Paragraphs 15-19.

9.  Deny the allegations in Paragraphs 20-28 for lack of information or belief.

10. Deny the allegations in Paragraph 29.

11. Admit the allegations in Paragraph 30 that the HBO program *We're Here* taped an episode in St. George and sought a permit to hold and film a drag show in a city park. Deny all other allegations in this paragraph.

12. Deny the allegations in Paragraph 31 for lack of information or belief.

13. The Facebook posts reference in Paragraph 32 speak for themselves. Defendants deny Plaintiffs' characterizations of those posts. Defendants further deny all allegations in this paragraph not expressly admitted herein.

14. The Facebook posts and texts reference in Paragraph 33 speak for themselves. Defendants deny Plaintiffs' characterizations of those posts. Defendants further deny all allegations in this paragraph not expressly admitted herein.

15. Admit the allegation in Paragraph 34 that the City Council held a closed session pursuant to Utah law on May 27, 2022 for the purpose of discussing potential and/or ongoing litigation. Deny all other allegations in this paragraph.

16. Admit the allegation in Paragraph 35 that the *We're Here* drag show went forward on June 3, 2022. The emails referenced in this paragraph speak for themselves. Defendants deny all allegations in this paragraph not expressly admitted herein for lack of information or belief.

17. Admit the allegation in Paragraph 36 that City Manager Lenhard resigned on October 3, 2022. The Salt Lake Tribune articles are not admissible evidence and they speak for themselves. Defendants admit that Councilmember Tanner voted against approval of a settlement with City Manager Lenhard. Defendants deny all allegations in this paragraph not expressly admitted herein for lack of information or belief.

18. Deny the allegations in Paragraph 37.

19. Deny the allegations in Paragraphs 38-44 for lack of information or belief.

20. Councilmember Tanner's Instagram posts speak for themselves. Defendants deny Plaintiffs' characterizations of these posts in Paragraph 45 and all other allegations in this paragraph.

21. Deny the allegations in Paragraph 46 for lack of information or belief.

22. Deny the allegations in Paragraphs 47-49 because the statements in City Council meetings speak for themselves.

23. Deny the allegations in Paragraph 50 for lack of information or belief.

24. Admit that Sarah Reber emailed Mitski Avalox on February 22, 2023 and wrote, "I believe you have a hold on Vernon Worthen. Now, if I can get that Special Event Application and

as much detail involved as you can, that would be greatly appreciated …" Deny all other allegations in Paragraphs 51.

25. Deny the allegations in Paragraphs 52-54 for lack of information or belief.

26. Sarah Reber's February 22, 2023 email at 11:11 a.m. to Ms. Avalox, characterized in Paragraph 55, speaks for itself. Defendants deny all allegations in this paragraph not expressly admitted herein.

27. Admit the allegation in Paragraph 56.

28. The correspondence referenced in Paragraphs 57-58 speaks for itself, and Defendants deny Plaintiffs' characterization of this correspondence in these paragraphs. Defendants deny all allegations in this paragraph not expressly admitted herein.

29. Deny the allegations in Paragraph 59.

30. Admit the allegations in Paragraph 60.

31. Deny the allegations in Paragraph 61-62.

32. Admit the allegation in Paragraph 63 that a city council member commented about the timing of issuance of special event permits. The comment speaks for itself. Defendants deny all allegations in this paragraph not expressly admitted herein.

33. Deny the allegations in Paragraph 64.

34. The emails referenced in Paragraph 65 speak for themselves. Defendants deny Plaintiffs' characterizations of the emails and all other allegations in this paragraph.

35. Deny the allegations in Paragraph 66 for lack of information or belief.

36. Admit the allegation in Paragraph 67 that City Manager John Willis met with Sarah Reber, Marc Mortensen, and attorneys for St. George City. Deny all other allegations in this

paragraph, including Plaintiffs' characterizations of a meeting they did not attend and that is protected by the attorney-client privilege and work product doctrine.

37. Admit the allegation in Paragraph 68 that Assistant City Attorney Ryan Dooley asked a legal intern to review special event applications. The correspondence referenced in Paragraph 68 speaks for itself. Deny all other allegations in this paragraph.

38. Admit the allegations in Paragraph 69, with the exception of Plaintiffs' characterizations of their advertisements, which speak for themselves.

39. Admit the allegation in Paragraph 70 that the City Council approved Ordinance No. 2023-03-003 on March 16, 2023 for the reasons set forth in the Ordinance, and that this ordinance instituted a 6-month moratorium on new Special Event Permit Applications (this did not include Plaintiffs' application, which was filed on March 3, 2023). Deny all other allegations in this paragraph.

40. Councilmember Natalie Larsen's statements, which are referenced in Paragraph 71, speak for themselves. Defendants deny Plaintiffs' characterization of the councilmember's statements in Paragraph 71, and all allegations in Paragraph 71 not expressly admitted herein.

41. Deny the allegations in Paragraph 72-73.

42. Admit the allegation in Paragraph 74 that Reoccurring Events were exempted from the moratorium, as set forth in the City Code and the Ordinance. These events included, among others, the Pride Festival. Defendants deny all allegations in this paragraph not expressly admitted herein.

43. Deny the allegations in Paragraph 75.

44. Deny the allegations in Paragraph 76 for lack of information or belief.

45. The emails referenced in Paragraph 77 speak for themselves. Defendants deny all allegations in this paragraph not expressly admitted herein.

46. The emails referenced in Paragraph 78 speak for themselves. Defendants deny all other allegations in this paragraph not expressly admitted herein.

47. Deny the allegations in Paragraph 79.

48. The letter referenced in Paragraph 80 speaks for itself. Defendants deny all other allegations in this paragraph not expressly admitted herein.

49. Admit the allegation in Paragraph 81 that Plaintiffs appealed their permit denial on April 5, 2023. Defendants deny all other allegations in this paragraph not expressly admitted herein.

50. Admit the allegation in Paragraph 82 that the City Council passed Ordinance No. 2023-04-001, which speaks for itself. Defendants deny all other allegations in this paragraph not expressly admitted herein.

51. Deny the allegations in Paragraphs 83-84.

52. Admit that a City Council member made the quoted statement in Paragraph 85 at an April 6, 2023 City Council meeting. Defendants deny all other allegations in this paragraph not expressly admitted herein.

53. Admit that a City Council member made the quoted statement in Paragraph 86 at an April 6, 2023 City Council meeting. Defendants deny all other allegations in this paragraph not expressly admitted herein.

54. Deny the allegations in Paragraph 87.

55. D The record of the meeting speaks for itself and requires no answer (similar to ¶59 below).

56. Admit the allegations in Paragraph 89.

57. Deny the allegations in Paragraph 90.

58. Admit the allegations in Paragraphs 91-92.

59. The City Council meeting described in Paragraph 93 speaks for itself, and Defendants deny Plaintiffs' allegations of what was represented or occurred there. Defendants deny all other allegations in this paragraph not expressly admitted herein.

60. Admit the allegations in Paragraph 94.

61. The statements made by councilmembers in the April 11, 2023 appeal hearing described in Paragraph 93 speak for themselves, and Defendants deny Plaintiffs' allegations of what was represented or occurred there. Defendants deny all other allegations in this paragraph not expressly admitted herein.

62. Deny the allegations in Paragraphs 96-98 for lack of information or belief.

63. Deny the allegations in Paragraphs 99-110.

64. Paragraph 111 incorporates the preceding paragraphs, and Defendants incorporate their responses to those paragraphs here.

65. Paragraph 112 is a legal conclusion to which no response is required.

66. Deny the allegations in Paragraph 113.

67. Paragraphs 114-116 are legal conclusions to which no response is required.

68. Deny the allegations in Paragraphs 117-122.

69. Paragraph 123 is a legal conclusion to which no response is required.

70. Paragraph 124 incorporates the preceding paragraphs, and Defendants incorporate their responses to those paragraphs here.

71. Paragraphs 125-128 are legal conclusions to which no response is required.

72. Admit the allegation in Paragraph 129 that Plaintiffs are required by City ordinance to obtain a special event permit in order to conduct a drag performance in a city-owned park. Defendants deny all other allegations in this paragraph not expressly admitted herein.

73. Deny the allegations in Paragraphs 130-135.

74. Paragraph 136 incorporates the preceding paragraphs, and Defendants incorporate their responses to those paragraphs here.

75. Paragraphs 137-139 are legal conclusions to which no response is required.

76. Deny the allegations in Paragraphs 140-147.

77. Paragraph 148 incorporates the preceding paragraphs, and Defendants incorporate their responses to those paragraphs here.

78. Paragraph 149 is a legal conclusion to which no response is required.

79. Admit the citation of City Code § 3-10-3 in Paragraph 150 is accurate. Deny all other allegations in this paragraph.

80. Deny the allegations in Paragraphs 151-157.

81. Paragraph 158 incorporates the preceding paragraphs, and Defendants incorporate their responses to those paragraphs here.

82. Paragraphs 159-161 are legal conclusions to which no response is required.

83. Admit the allegations in Paragraph 162.

84. Deny the allegations in Paragraphs 163-170.

85. Paragraph 171 incorporates the preceding paragraphs, and Defendants incorporate their responses to those paragraphs here.

86. Deny the allegations in Paragraphs 172.

87. Paragraphs 173-176 are legal conclusions to which no response is required.

88. Deny the allegations in Paragraphs 177-185.

89. Paragraph 186 incorporates the preceding paragraphs, and Defendants incorporate their responses to those paragraphs here.

90. Paragraphs 187-191 are legal conclusions to which no response is required.

91. Deny the allegations in paragraphs 192-195.

92. Paragraph 196 incorporates the preceding paragraphs, and Defendants incorporate their responses to those paragraphs here.

93. Paragraphs 197-198 are legal conclusions to which no response is required.

94. Deny the allegations in Paragraphs 199-201.

95. Deny the allegations and/or requested relief in Plaintiffs' Prayer for Relief.

96. Deny all allegations in Plaintiffs' Complaint not expressly admitted herein.

### THIRD DEFENSE

Plaintiffs lack standing to assert their claims.

### FOURTH DEFENSE

Plaintiffs' claims are moot.

### FIFTH DEFENSE

Plaintiffs' claims are not ripe.

### SIXTH DEFENSE

This Court lacks subject-matter jurisdiction because Defendant did not violate Plaintiffs' constitutional rights.

### SEVENTH DEFENSE

Defendants did not violate Plaintiffs' clearly-established, particularized, constitutional, statutory or common-law rights or privileges.

### EIGHTH DEFENSE

Defendants acted in good faith, without malice, and its acts were justified and reasonable under the circumstances.

### NINTH DEFENSE

Plaintiffs are not entitled to the injunctive relief they seek.

### TENTH DEFENSE

Defendants are not liable under 42 U.S.C. § 1983 based on *respondeat superior* or any other theory of supervisory or derivative liability.

### ELEVENTH DEFENSE

Any constitutional violation that allegedly occurred was not the result of a deliberately-indifferent custom, policy or practice of the City.

### TWELFTH DEFENSE

Defendants are entitled to absolute immunity, including, but not limited to, absolute legislative immunity and absolute quasi-judicial immunity, and/or qualified immunity.

### THIRTEENTH DEFENSE

Plaintiffs' claimed injuries were the result of an independent intervening and/or superseding cause.

### FOURTEENTH DEFENSE

Defendants are absolutely immune from any state law claims and those claims are barred by the Governmental Immunity Act of Utah, including, but not limited to, Utah Code Ann. §§ 63G-7-201, 63G-7-202 and 63G-7-301, and further by Plaintiffs' failure to comply with the appropriate provisions of that Act, including, but not limited to Utah Code Ann. §§ 63G-7-401, 63G-7-402, 63G-7-403 and 63G-7-601. Accordingly, the Court lacks subject-matter jurisdiction with respect to any state law claims.

### FIFTEENTH DEFENSE

Plaintiffs cannot satisfy the legal standards to prove a violation of the Utah Constitution or recover therefrom.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred because Defendants were acting in their official capacity and discharging a public duty.

### SEVENTEENTH DEFENSE

Plaintiffs failed to mitigate their damages, and thus, any potential recovery must be reduced or barred; or, in the alternative, Plaintiffs have successfully mitigated their damages.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of laches and/or unclean hands, estoppel, consent, acquiescence, ratification, and release.

**NINETEENTH DEFENSE**

Plaintiffs' punitive damage claims are barred by, *inter alia*, the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, federal common law, Article I, Sections 7, 9, 10, 11, 12, 13, 18, 22 and 24 of the Utah Constitution and the Governmental Immunity Act of Utah, § 63G-7-603.

**TWENTIETH DEFENSE**

Punitive damages are prohibited because the standards of conduct and standards for awarding punitive damages are vague and ambiguous; Plaintiffs seeks to punish Defendants for the acts of another; Defendants will be treated differently based upon wealth or municipal status; Defendants may be repeatedly punished for the same conduct; Defendants have not been given the same protections and guarantees as criminal defendants, such as protection from self-incrimination, jury trial in the location of the alleged wrongful conduct, charge upon adequately detailed information, proof beyond a reasonable doubt, etc.; taxpayers will be punished for the acts of others, and their property will be taken for a public purpose and use without just compensation; this Court has no power or jurisdiction to assess criminal penalties for alleged violation of federal statute or regulation; the state's power to punish is not invoked for the purpose of serving the public good, nor is it controlled by prosecutorial discretion, rather, the state's power is invoked, unchecked, for the private purpose of retribution and greed; and the threat of punishment will be used to chill Defendants' access to open courts and extort a favorable civil resolution. At a minimum, Defendants must be given the protections and guarantees of an accused under criminal law.

WHEREFORE, Defendants request that the Court dismiss Plaintiffs' Complaint, that Plaintiffs take nothing thereby and that the Court order Plaintiffs to pay Defendants their costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

## **JURY TRIAL DEMANDED**

Defendants hereby request a jury trial on all claims.

DATED this 25th day of July, 2023.

                                                SNOW CHRISTENSEN & MARTINEAU

                                                */s/ Scott Young*
                                                Scott Young
                                                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2023, I electronically filed the foregoing **DEFENDANTS CITY OF ST. GEORGE; CITY COUNCIL OF ST. GEORGE, COUNCILMEMBERS JIMMIE HUGHES, DANIELLE LARKIN, NATALIE LARSEN, GREGG MCARTHUR, AND MICHELLE TANNER; MAYOR MICHELE RANDALL; AND CITY MANAGER JOHN WILLIS'S ANSWER AND JURY DEMAND** with the Clerk of the Court using the CM/ECF System, which will notify all counsel of record.

/s/ Annette Gamero