SCOTT YOUNG (10695)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsy@scmlaw.com
*Attorneys for Defendants*

TANI PACK DOWNING (06122)
JAMI R. BRACKIN (08753)
RYAN N. DOOLEY (17009)
CITY OF ST. GEORGE
175 E. 200 N.
St. George, Utah 84765
tani.downing@sgcity.org
jami.brackin@sgcity.org
ryan.dooley@scgity.org
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SOUTHERN UTAH DRAG STARS, LLC, and MITSKI AVALOX,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ST. GEORGE, CITY COUNCIL OF ST. GEORGE, COUNCILMEMBER JIMMIE HUGHES, COUNCILMEMBER DANIELLE LARKIN, COUNCILMEMBER NATALIE LARSEN, COUNCILMEMBER GREGG MCARTHUR, COUNCILMEMBER MICHELLE TANNER, MAYOR MICHELE RANDALL, and CITY MANAGER JOHN WILLIS,<br><br>Defendants. | **DEFENDANTS CITY COUNCIL OF ST. GEORGE, COUNCILMEMBERS JIMMIE HUGHES, DANIELLE LARKIN, NATALIE LARSEN, GREGG MCARTHUR, AND MICHELLE TANNER; MAYOR MICHELE RANDALL; AND CITY MANAGER JOHN WILLIS'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Civil No. 4:23CV44<br><br>Honorable David Nuffer |

## RELIEF REQUESTED AND GROUNDS

Defendants City Council of St. George, Councilmembers Jimmie Hughes, Danielle Larkin,

Natalie Larsen, Gregg McArthur, and Michelle Tanner, Mayor Michelle Randall, and City

1

Manager John Willis (collectively "Defendants") move for judgment on the pleadings on the claims against them.

Plaintiffs have sued the mayor, city administrator, and each member of the city council for the denial of their special permit application and for enacting a moratorium on new special event permit applications. These individuals are absolutely immune from these claims. In 1998, a unanimous Supreme Court held:

> [W]e now make explicit what was implicit in our precedents: Local legislators are entitled to absolute immunity from § 1983 liability for their legislative activities.

*Bogan v. Scott-Harris*, 523 U.S. 44, 53-54 (1998). In addition, the City Council is not a separate legal entity capable of being sued and, therefore, the claims against it as a body fail. For these reasons, and others set forth below, Defendants are entitled to judgment on the pleadings.

## STATEMENT OF FACTS

1. "Plaintiff Mitski Avalox lives in Utah. She is a transgender woman and the CEO of Southern Utah Drag Stars." Complaint, Dkt. #2, Par. 13.

2. "Drag Stars is a limited liability corporation that organizes drag performances. Its sole employee and owner is Mitski Avalox. Avalox founded Drag Stars in November 2022." *Id.*, Par. 39.

3. "Defendant City of St. George is an incorporated city in the State of Utah and the county seat of Washington County, Utah." *Id.*, Par. 15.

4. "Defendant City Council of St. George is the governing body of St. George." *Id.*, Par. 16.

5. "Defendants Jimmie Hughes, Dannielle Larkin, Natalie Larsen, Gregg McArthur, and Michelle Tanner are the members of Defendant City Council of St. George, Utah, and are sued in their official capacities." *Id.*, Par. 17.

6. "Defendant Michele Randall is the Mayor of St. George, Utah, and is sued in her official capacity." *Id.*, Par. 18.

7. "Defendant John Willis is the City Manager of St. George, Utah, and is sued in his official capacity." *Id.*, Par. 19.

8. "In February 2023, Drag Stars contacted the City of St. George to reserve Vernon Worthen Park, a City-owned park, for a drag event titled "Our Allies & Community Drag Show." The intended date for this event was April 28, 2023. Drag Stars expected 500 or more attendees and several vendors." *Id.*, Par. 51.

9. "Drag Stars formally filed its application for a special event permit on March 3, 2023." *Id.*, Par. 56.

10. "On March 16, 2023, the City Council approved Ordinance No. 2023-03-003, which imposed a six-month moratorium on the Council granting new permits for special events on City property in the City of St. George, except for completed permit applications received by the City prior to March 15, 2023." *Id.*, Par. 70.

11. On March 31, 2023, Avalox received a letter denying Drag Stars' permit application. *See Id.*, Par. 79-80.

12. "On April 5, 2023, Plaintiffs timely appealed the permit denial to the full City Council." *Id.*, Par. 81.

13. "Avalox was informed on April 7, 2023, the Friday before Easter weekend, that Plaintiffs' appeal would be heard by the Council on the following Tuesday, April 11, 2023." *Id.*, Par. 91.

14. "The City Council met on April 11, 2023 for the purpose of hearing appeals from both Drag Stars and Indigo Klabanoff." *Id.*, Par. 92. Ms. Klabanoof had appealed denial of another, unrelated special event permit.

15. "The Council denied both appeals, with only one member, Larkin, voting to grant the permits." *Id.*, Par. 94.

## STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure allows a defendant to move the Court to enter judgment on the pleadings. "[T]o survive judgment on the pleadings, [a plaintiff] must allege 'a claim to relief that is plausible on its face.'" *Sanchez v. U.S. Dep't of Energy*, 870 F.3d 1185, 1199 (10th Cir. 2017) (citations omitted). "To determine whether the claim to relief is 'plausible on its face,' we examine the elements of the particular claim and review whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (Citations omitted). "[The Court] accept[s] as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to [plaintiffs]." *Id.* (Citations omitted). "Though we construe factual allegations as true, we refuse to accept mere labels and legal conclusions as true." *Id.* (Citations omitted).

## ARGUMENT

Plaintiffs have filed suit against the City Council, the individual city council members, the mayor, and the city manager. The individuals are entitled to immunities that have been in place

4

for decades, and the City Council is not capable of being sued. Therefore, they are entitled to judgment on the pleadings.

> I. **THE CITY COUNCILMEMBERS, MAYOR, AND CITY MANAGER ARE ENTITLED TO ABSOLUTE IMMUNITY.**

In 1998, a unanimous Supreme Court held:

> [W]e now make explicit what was implicit in our precedents: Local legislators are entitled to absolute immunity from § 1983 liability for their legislative activities.

*Bogan v. Scott-Harris*, 523 U.S. 44, 53-54 (1998). Despite this clear immunity, Plaintiffs have sued Defendants for (1) upholding a denial of a special use permit, and (2) "approv[ing] Ordinance No. 2023-03-003, which imposed a six-month moratorium on the Council granting new permits for special events on City property in the City of St. George." Complaint, Par. 70. Defendants are absolutely immune from claims arising from these acts.

After making this immunity explicit, the unanimous Supreme Court ruled, "[m]ost evidently, petitioner Roderick's acts of voting for an ordinance were, in form, quintessentially legislative" and held that he was absolutely immune from suit. *Bogan*, at 55. Despite this unanimous holding from the highest court in the land, Plaintiffs have sued the city council members, mayor and city administrator for enacting and executing city ordinances, the very acts at issue in *Bogan*.

Plaintiffs' choice to ignore this holding and pursue a frivolous lawsuit against the city council members, mayor and city administrator demonstrates the very purpose of this immunity. The Supreme Court stated:

> Absolute immunity for local legislators under § 1983 finds support not only in history, but also in reason. *See Tenney v. Brandhove*, 341 U.S., at 376, 71 S.Ct., at 788–89 (stating that Congress did not intend for § 1983 to "impinge on a tradition so well grounded in history and reason"). The rationales for according absolute immunity to federal, state, and regional legislators apply with equal force to local

5

legislators. Regardless of the level of government, the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability. *See Spallone v. United States*, 493 U.S. 265, 279, 110 S.Ct. 625, 634, 107 L.Ed.2d 644 (1990) (noting, in the context of addressing local legislative action, that "any restriction on a legislator's freedom undermines the 'public good' by interfering with the rights of the people to representation in the democratic process"); *see also Kilbourn v. Thompson*, 103 U.S., at 201–204 (federal legislators); *Tenney*, supra, at 377, 71 S.Ct., at 788–89 (state legislators); *Lake Country Estates*, 440 U.S., at 405, 99 S.Ct., at 1179 (regional legislators). Furthermore, the time and energy required to defend against a lawsuit are of particular concern at the local level, where the part-time citizen-legislator remains commonplace. *See Tenney*, supra, at 377, 71 S.Ct., at 788–89 (citing "the cost and inconvenience and distractions of a trial"). And the threat of liability may significantly deter service in local government, where prestige and pecuniary rewards may pale in comparison to the threat of civil liability. *See Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982).

*Id.*, at 53. Plaintiffs' complaint is filled with vitriol and misstatements that appear aimed at public shaming. By filing claims against these immune civil servants, Plaintiffs have threatened them with personal liability. The time and expense required to defend these frivolous claims presents a significant burden on St. George City, its mayor, city administrator, and city councilmembers. Thus, Plaintiffs have made real the theoretical underpinnings of the immunity announced by the Supreme Court 25 years ago.

In addition, the Supreme Court did not limit the immunity to legislators, but held, "[w]e have recognized that officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Id.*, at 55. It then held that Mayor Bogan was also entitled to absolute immunity because his "actions were legislative because they were integral steps in the legislative process." *Id.* This covers all actions related to passing and executing the ordinances, and extends to the mayor and city administrator for their roles in that process.

The Tenth Circuit's decision in *Sable II v. Myers*, 563 F.3d 1120 (10th Cir. 2009) confirms that suit against these individuals is improper. In *Sable II*, the Tenth Circuit stated, "This circuit

6

has followed the Supreme Court's broad view of legislative immunity." *Id.*, at 1125. The Tenth Circuit then reversed a denial of summary judgment and held that the City Council member who had been sued was entitled to absolute immunity. It did this even though Mr. Sable raised the same argument Plaintiffs articulate in their complaint – that the City Council singled them out:

> Mr. Sable, quite naturally, focuses on the particularity of the City Council action in this case. The condemnation was directed specifically at him. There was, as he sees it, no general policy involved in this land grab, just one discrete, and despicable, act. Adoption of this perspective, however, would virtually eliminate legislative immunity in the § 1983 context. Almost every plaintiff will perceive the challenged conduct as a particular act directed at violating the plaintiff's rights.

*Id.*, at 1126. Plaintiffs' subjective belief that Defendants singled them out, which Defendants dispute, cannot overcome this immunity. Rather, the immunity is absolute and has been in place for decades to prevent the very claims Plaintiffs have raised against these individuals.

## II. ABSOLUTE IMMUNITY ALSO PRECLUDES CLAIMS BASED ON PLAINTIFFS' APPEAL TO THE CITY COUNCIL.

Absolute immunity also bars claims against the City Council Members, Mayor, and City Administrator for Plaintiffs' appeal of the denial of their special event permit. Again, this immunity has long been recognized by the Supreme Court and Tenth Circuit. In *Guttman, M.D. v. G.T.S. Khalsa*, 446 F.3d 1027 (10th Cir. 2006), the Tenth Circuit noted:

> The Supreme Court has long recognized that officials in administrative hearings can claim the absolute immunity that flows to judicial officers if they are acting in a quasi-judicial fashion. *Butz v. Economou*, 438 U.S. 478, 514, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

*Id.*, at 1033. "For an official at an administrative hearing to be protected by absolute immunity "(a) the officials' functions must be similar to those involved in the judicial process, (b) the officials' actions must be likely to result in damages lawsuits by disappointed parties, and (c) there must exist sufficient safeguards in the regulatory framework to control unconstitutional conduct."

7

*Id.* (Citations omitted). However, "[j]udicial immunity is not overcome by allegations of bad faith or malice." *Id.*, at 1033 (*citing Mireles v. Waco*, 502 U.S. 9, 12 (1991)). "Only accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity." *Id.*, at 1034.

Plaintiffs do not allege that the City Council did not have jurisdiction to hear their appeal of the denial of the special events permit application. In hearing and deciding the appeal, the City Council was acting in a judicial capacity. Plaintiffs claim bad faith and malice, but the Tenth Circuit has made clear that subjective allegations of bad faith (which Defendants vigorously dispute) cannot overcome absolute immunity.

### III.   THE CITY COUNCIL IS NOT AN ENTITY CAPABLE OF BEING SUED.

Under Fed. R. Civ. P. 17(b), the capacity of a governmental entity to be sued in the United States District Court is governed by the laws of the state where the court is located. While the issue of determining the capacity of a city council to be sued as a separate entity has not been addressed in this Court, the United States District Court for the Northern District of Illinois analyzed this issue in *Bonilla v. City Council of City of Chicago*, 809 F.Supp. 590 (N.D. Ill. 1992). In *Bonilla*, the Court, citing to the treatise, Wright, Miller, & Kane, *Federal Practice and Procedure: Civil,* (West Publishing, 2d ed. 1990), held: "'[a]lthough a municipal corporation and the individual members of its city council may have capacity to sue and be sued, the council itself may not be a legal entity for purposes of Rule 17(b).' Wright, Miller & Kane, supra, at § 1562, pg. 454." *Bonilla* at 600. Additionally, the *Bonilla* Court determined that "[i]n fact, absent a specific statutory authorization, a city council is not a suable entity. *Id.*

In reaching its conclusion that a city council is not an entity capable of being sued, the *Bonilla* Court noted other United States District Court cases from Illinois, Florida, and

8

Massachusetts: "*Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D. Ill 1979) (Cook County Board of Commissioners is not a suable entity, even though by express statute, Cook County itself is); *Fairbanks v. Bradenton Beach*, 733 F. Supp. 1447, 1450 (M.D. Fla. 1989) (City Council of Bradenton Beach, Florida is not a legal entity capable of being sued); *Latino Political Action Committee, Inc. v. Boston*, 581 F.Supp. 478, 484 (D.Mass. 1984) (City Council lacks legal identity apart from City of Boston and therefore is not a suable entity in redistricting challenge)." *Bonilla* at 600-601.

Plaintiffs have sued St. George City, which is a municipality capable of being sued. The City Council is not a separate legal entity from St. George City. It is not capable of being sued, and, therefore, is entitled to judgment on the pleadings.

## IV. DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1927.

Under 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Plaintiffs sued the City Council, the individual council members, the mayor and the City Manager despite longstanding immunities and bars to suit. This unreasonably multiplied the proceedings in this matter and, therefore, Defendants are entitled to their attorneys' fees in seeking judgment on claims that never should have been filed against them.

9

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court enter judgment in their favor pursuant to Fed. R. Civ. P. 12(c) and award attorneys' fees pursuant to 28 U.S.C. § 1927.

DATED this 25th day of July, 2023.

SNOW CHRISTENSEN & MARTINEAU

 */s/ Scott Young*
Scott Young
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of July, 2023, I electronically filed the foregoing **DEFENDANTS CITY COUNCIL OF ST. GEORGE, COUNCILMEMBERS JIMMIE HUGHES, DANIELLE LARKIN, NATALIE LARSEN, GREGG MCARTHUR, AND MICHELLE TANNER; MAYOR MICHELE RANDALL; AND CITY MANAGER JOHN WILLIS'S MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ *Annette Gamero*