SCOTT YOUNG (10695)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 521-9000
rsy@scmlaw.com
*Attorneys for Defendants*

SHAWN GUZMAN (07392)
JAMI R. BRACKIN (08753)
RYAN N. DOOLEY (17009)
CITY OF ST. GEORGE
175 E. 200 N.
St. George, Utah 84765
shawn.guzman@sgcity.org
jami.brackin@sgcity.org
ryan.dooley@scgity.org
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SOUTHERN UTAH DRAG STARS, LLC, and MITSKI AVALOX,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ST. GEORGE, CITY COUNCIL OF ST. GEORGE, COUNCILMEMBER JIMMIE HUGHES, COUNCILMEMBER DANIELLE LARKIN, COUNCILMEMBER NATALIE LARSEN, COUNCILMEMBER GREGG MCARTHUR, COUNCILMEMBER MICHELLE TANNER, MAYOR MICHELE RANDALL, and CITY MANAGER JOHN WILLIS,<br><br>Defendants. | **DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>Civil No. 4:23CV44<br><br>Honorable David Nuffer |

## **RELIEF REQUESTED AND GROUNDS**

Defendants St. George City, City Council of St. George, Councilmembers Jimmie Hughes, Danielle Larkin, Natalie Larsen, Gregg McArthur, and Michelle Tanner, Mayor Michelle Randall, and City Manager John Willis (collectively "Defendants") move for summary judgment on

1

Plaintiffs Southern Utah Drag Stars, LLC's and Mitski Avalox's claims for declaratory and injunctive relief on the grounds that these claims are moot.

Plaintiffs have requested a declaration from this Court that the advertising provision of the special events permit ordinance and the moratorium on special events applications violated their constitutional rights, and an injunction allowing them to hold the event they requested in their special event permit application. These claims are now moot because (1) this Court entered a preliminary injunction ordering St. George City to allow the event to be held on June 30th, St. George City complied with this order, and Plaintiffs held their event on June 30th, and (2) St. George City revoked and replaced its special events ordinance on August 31, 2023.

The Tenth Circuit has held, "Where, as here, a city amends a challenged ordinance in an effort to cure the constitutional infirmities alleged, the prior challenges to the ordinance become nonjusticiable as moot unless the new ordinance is sufficiently similar to the repealed one that it is permissible to say that the challenged conduct continues." *Olson v. City of Golden*, 541 Fed.Appx. 824, 827 (10th Cir. 2013) (unpublished) (cleaned up); *citing Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000). "A superseding statute or regulation moots a case to the extent that it removes challenged features of the prior law." *Id.* (citations omitted) (cleaned up). Neither the advertising prohibition nor the moratorium are included in the new ordinance. Moreover, the new ordinance has taken the authority to hear permit denial appeals from the City Council and placed it in an independent administrative law judge. For these reasons, and others set forth below, Plaintiffs' claims for declaratory and injunctive relief are moot and summary judgment on these claims should issue.

## STATEMENT OF UNDISPUTED FACTS

1. On March 3, 2023, Southern Utah Drag Stars filed an application for a special event permit from St. George City to host an event on April 28, 2023[1]:



The Permit Application expressly stated the event would not be a recurring event.

2. On March 16, 2023, the St. George City Council approved Ordinance No. 2023-03-003, which instituted a 6-month moratorium on the granting of new permits for special events on city property. This moratorium was set to expire on September 16, 2023.[2]

3. On March 31, 2023, St. George City sent Southern Utah Drag Stars a letter denying their March 3rd Permit. *See* March 31, 2023 Denial Letter.[3]

4. Southern Utah Drag Stars appealed. The St. George City Council heard the appeal on April 11, 2023 and affirmed the denial with a 4-1 vote.[4]

---

[1] Dkt#34-7, DSTARS000045
[2] *See* Ordinance No. 2023-03-003, Exh. 10
[3] Dkt#34-7, DSTARS000036
[4] 4.11.23 City Council Meeting Minutes, p. 2.

5. On May 23, 2023, Plaintiffs filed their Complaint in the present case. *See* Dkt. #1. In their Complaint, they brought the following claims for relief:

    (1) First Amendment Violation (Content-Based Discrimination)

    (2) First Amendment (Exclusion from Public Forum)

    (3) First Amendment (Prior Restraint)

    (4) First Amendment (Overbreadth)

    (5) Fourteenth Amendment (Due Process – Vagueness)

    (6) Fourteenth Amendment (Equal Protection – Sex and LGBTQ+ Discrimination)

    (7) Art.I § 24 Utah Constitution (Uniform Operation of Laws – Sex and LGBTQ+ Discrimination)

    (8) Art. IV § 1 Utah Constitution (Equal Protection – Sex and LGBTQ+ Discrimination)

*Id.* In their Prayer for Relief, Plaintiffs sought the following:

    (1) Enter a declaratory judgment that Defendants' special events licensing scheme, including its advertising restriction and six-month moratorium on special events, as implemented against Plaintiffs, violates the First and Fourteenth Amendments to the United States Constitution and Article I, section 24 and IV, section 1 of the Utah Constitution.

    (2) Enter a declaratory judgment that Defendants' discriminatory denial of Plaintiffs' special event permit application violated the First and Fourteenth Amendments to the United States Constitution and Articles I, section 24 and IV, section 1 of the Utah Constitution.

      (3) Award Plaintiffs a preliminary and permanent injunction preventing the City from: unconstitutionally denying Plaintiffs special events permits to host drag performances; enforcing the six-month moratorium on special events against Plaintiffs; and enforcing the advertisement ban against drag performances organized by Plaintiffs;

      (4) Order Defendants to approve Plaintiffs' special events permit application, and issue the same, for an event dated June 30, 2023 or an alternative date in June agreed upon by the parties;

      (5) Retain jurisdiction of this action to render any further orders that this Court may deem appropriate;

      (6) Award Plaintiffs damages in an amount to be proven at trial;

      (7) Award Plaintiffs their costs and expenses, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988 or other applicable statutes; and

      (8) Grant Plaintiffs such other further relief as the Court deems just and proper.

Complaint, Dkt. #2, p. 41-42.

    9.    On May 30, 2023, Plaintiffs filed a motion for a preliminary injunction. *See* Dkt. #34.

    10.    On June 16, 2023, the Court entered a preliminary injunction requiring St. George City to allow Plaintiffs to hold their event on their chosen date (June 30, 2023) at one of two forums of their choice. *See* Dkt. #63.

    11.    On June 30, 2023, Plaintiffs held their event pursuant to the preliminary injunction order.

12. On August 31, 2023, St. George City revoked its special event permit ordinance and replaced it with a new ordinance. Importantly, the new ordinance:

    A.    Does not contain any moratorium on special event permits application.

    B.    Does not contain an advertising prohibition of any kind.

    C.    Revamps the approval process by placing authority for approval or denial with the City Manager (§ 3-10-8) after review of the Events Review Committee, which is comprised of 13 city officials, including the City Council, the police department, the fire department, the Special Events Coordinator, and the Parks Department (§3-10-4(b)). *See* Ordinance 2023-017, Def 202-223, Exh. 1.

    D.    Specifically identifies the various parks and city owned property on which events can be held, and (based on parking availability) the types of events which can take place at each venue. *See Id.*

    E.    Revamps the appeal process so that appeals are now heard by an independent administrative law judge, rather than the City Council. *See Id.*, § 3-10-11. An applicant may appeal the administrative law judge's decision to the district court for the State of Utah. *See Id.*

13. Plaintiffs have not filed another special events permit application, and they currently have no such application pending with St. George City.

## **STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the court views "all facts [and

evidence] in the light most favorable to the party opposing summary judgment." *S.E.C. v. Smart*, 678 F.3d 850, 856 (10th Cir. 2012) (citations omitted). To survive summary judgment, "the nonmoving party must come forward with specific facts showing there is a genuine issue for trial." *Smart*, 678 F.3d at 858 (citations omitted).

## ARGUMENT

### I. PLAINTIFFS' CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF ARE MOOT.

The Tenth Circuit has held, "We take a claim-by-claim approach to the mootness and must decide whether a case is moot as to each form of relief sought." *Robert v. Austin*, 72 F.4th 1160, 1163 (10th Cir. 2023) (citations omitted). "The defendant bears the burden of establishing that a once-live case has become moot." *Id.*, at 1163-64 (citations omitted).

"Generally, a claim for prospective injunction becomes moot once the event to be enjoined has come and gone." *Prison Legal News v. Federal Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019) (citations omitted). "A claim for declaratory relief that does not 'settl[e] ... some dispute which affects the behavior of the defendant toward the plaintiff' is moot, because it fails to 'seek[] more than a retrospective opinion that [the plaintiff] was wrongly harmed by the defendant.'" *Id.* (Citations omitted).

The relief Plaintiffs seek (other than for monetary damages and attorneys' fees) is now moot for the reasons set forth below.

> **Prayer for Relief #1** – "Enter a declaratory judgment that Defendants' special events licensing scheme, including its advertising restriction and six-month moratorium on special events, as implemented against Plaintiffs, violates the First and Fourteenth Amendments to the United States Constitution and Article I, section 24 and IV, section 1 of the Utah Constitution."

7

The Tenth Circuit has held, "Where, as here, a city amends a challenged ordinance in an effort to cure the constitutional infirmities alleged, the prior challenges to the ordinance become nonjusticiable as moot unless the new ordinance is sufficiently similar to the repealed one that it is permissible to say that the challenged conduct continues." *Olson v. City of Golden*, 541 Fed.Appx. 824, 827 (10th Cir. 2013) (unpublished) (cleaned up); *citing Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000). "A superseding statute or regulation moots a case to the extent that it removes challenged features of the prior law." *Id.* (citations omitted) (cleaned up). "These rules reflect the principle that our decisions must have some effect in the real world." *Id.* (citations omitted).

St. George City revoked and replaced its special events ordinance on August 31, 2023. The new special events ordinance expressly repeals the advertising ordinance and the moratorium that are the subject of the declaratory and injunctive relief requested by Plaintiffs. The new ordinance also created an entirely new section specifically listing each available public park or property available for events and designates types of events which would be allowed uses for each facility (City Code §3-10-9). This action moots Plaintiffs' allegations of exclusion from any public forum. Moreover, the new special events ordinance places the appellate jurisdiction for special event permit denials in an administrative law judge, rather than the City Council. Thus, the City Council, who Plaintiffs contend used the advertising provision and moratorium as pretext for discrimination, no longer affirms or denies decisions on permit applications. These changes are significant and afford new protections for Plaintiffs and others. Because the city ordinance in question has been repealed and replaced, the relief Plaintiffs seek in their first bullet point in their prayer for relief is moot.

The Tenth Circuit's decision in *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248 (10th Cir. 2004) makes clear that Plaintiffs' claims regarding the now repealed special events ordinance are moot. In that case, UARC sought a permit from Salt Lake City to protest during the Olympics and Salt Lake City amended the ordinance in May, 2022 after the Olympics were over. *See Id.*, at 1250-51. The district court held that the challenges to the repealed ordinance were moot, holding, that "in general, the repeal of a challenged statute is one of those events that makes it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.*, at 1256 (cleaned up); *citing Citizens for Responsible Gov't State Political Action Committee v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000), *quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000). "Plaintiffs have no legally cognizable interest in the constitutionality of an obsolete statute … Such challenges are clearly moot. *Id.* (Citations omitted). Based on the amendment to the ordinance, "UARC concede[d] that its 'facial challenge to the ordinance and request for injunctive relief' have been mooted by the amendment to the Ordinance." *Id.*, 1257. Similarly, Plaintiffs' challenges to the ordinance and request for injunctive and declaratory relief have been mooted by St. George City's amendment to the ordinance.

The Tenth Circuit in *Utah Animal Rights Coalition* also held, "The alleged violation took place in 2001, the Olympics have come and gone, and neither temporary restraining order, preliminary injunction, nor permanent injunction could have any present-day effect." *Id.*, at 1257. Here, Plaintiffs held their event on June 30, 2023. Their application and event have come and gone and, therefore, 'neither temporary restraining order, preliminary injunction, nor permanent injunction could have any present day effect.' Thus, the Tenth Circuit's decision in *Utah Animal*

*Rights Coalition* demonstrates that Plaintiffs' claims for injunctive and declaratory relief are now moot.

> **Prayer for Relief #2** – "Enter a declaratory judgment that Defendants' discriminatory denial of Plaintiffs' special event permit application violated the First and Fourteenth Amendments to the United States Constitution and Articles I, section 24 and IV, section 1 of the Utah Constitution."

This relief is now moot due to this Court's order granting Plaintiffs' motion for preliminary injunction and the events that followed. Specifically, St. George City did not appeal the Court's order, but instead processed Plaintiffs' special event permit application and Plaintiffs held their event on June 30, 2023. St. George City's revocation of the special events ordinance in place at the time of the Plaintiffs' application, the preliminary injunction proceedings, and event further moot this claim for relief. Moreover, as set forth above, St. George City has enacted a new special events ordinance that removed the specific sections Plaintiffs identified in their complaint (the advertising prohibition and moratorium) and created an independent review of applications by an administrative law judge. For each of these reasons, this claim is moot.

> **Prayer for Relief #3** – "Award Plaintiffs a preliminary and permanent injunction preventing the City from: unconstitutionally denying Plaintiffs special events permits to host drag performances; enforcing the six-month moratorium on special events against Plaintiffs; and enforcing the advertisement ban against drag performances organized by Plaintiffs."

Plaintiffs' claim for an injunction on the moratorium on special events applications is moot because the moratorium has been repealed. Plaintiffs' claim regarding the advertising ban in the special events ordinance is moot because St. George City has repealed the advertising provision in the ordinance. Plaintiffs' claim for an injunction preventing St. George City from unconstitutionally denying Plaintiffs' special events permits is moot because Plaintiffs held their event on June 30, 2023. Plaintiffs have not filed any additional permit applications and have no

such applications pending. Moreover, as set forth in detail above, St. George City has repealed the offending ordinance and replaced it with an ordinance that affords each applicant more robust protections of their constitutional rights.

> **Prayer for Relief #4** – "Order Defendants to approve Plaintiffs' special events permit application, and issue the same, for an event dated June 30, 2023 or an alternative date in June agreed upon by the parties."

Plaintiffs' claim for an injunction allowing them to hold the event they requested in their special event permit application is moot because they held their event on June 30, 2023.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant Defendants' motion for summary judgment on Plaintiffs' claims for declaratory and injunctive relief.

DATED this 14th day of December, 2023.

        SNOW CHRISTENSEN & MARTINEAU

        /s/ Scott Young
        Scott Young
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of December, 2023, I electronically filed the foregoing **DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Annette Gamero