SCOTT YOUNG (10695)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 521-9000
rsy@scmlaw.com
*Attorneys for Defendants*

SHAWN GUZMAN (07392)
JAMI R. BRACKIN (08753)
RYAN N. DOOLEY (17009)
CITY OF ST. GEORGE
175 E. 200 N.
St. George, Utah 84765
shawn.guzman@sgcity.org
jami.brackin@sgcity.org
ryan.dooley@scgity.org
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SOUTHERN UTAH DRAG STARS, LLC, and MITSKI AVALOX,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ST. GEORGE, CITY COUNCIL OF ST. GEORGE, COUNCILMEMBER JIMMIE HUGHES, COUNCILMEMBER DANIELLE LARKIN, COUNCILMEMBER NATALIE LARSEN, COUNCILMEMBER GREGG MCARTHUR, COUNCILMEMBER MICHELLE TANNER, MAYOR MICHELE RANDALL, and CITY MANAGER JOHN WILLIS,<br><br>Defendants. | **DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Civil No. 4:23CV44<br><br>Honorable David Nuffer |

## **RELIEF REQUESTED AND GROUNDS**

Defendants St. George City, City Council of St. George, Councilmembers Jimmie Hughes, Danielle Larkin, Natalie Larsen, Gregg McArthur, and Michelle Tanner, Mayor Michelle Randall, and City Manager John Willis (collectively "Defendants") move the Court to stay discovery until

1

it rules on Defendants' motion for partial summary judgment on claims for declaratory and injunctive relief on the ground that they are moot now that Plaintiffs held the event that is the subject of their lawsuit and St. George City has repealed and replaced the Special Event Ordinance to provide more robust First Amendment protections.

Plaintiffs filed a Complaint and Motion for Preliminary Injunction to allow them to hold their event on June 30, 2023. The Court granted that motion on June 16, 2023, and Plaintiffs held their event on June 30, 2023. Two months later, on August 31, 2023, St. George City repealed and its Special Events Ordinance and replaced it with a more robust ordinance to protect against future First Amendment violations. Among other things, the new ordinance removed appeals of permit denials from the City Council and vested such authority in an Administrative Law Judge. Defendants have moved for partial summary judgment on Plaintiffs' claims seeking to hold their event and to find the advertising ordinance was unconstitutional on the grounds they are moot because they event had been held and the ordinance had been replaced.

Defendants now seek to stay discovery until the Court rules on whether Plaintiffs' claims related to the event and prior special event ordinance are moot. This ruling will significantly impact the scope of discovery and the delay of a stay will be minimal, as the briefing on the motion is scheduled to be completed by February 9, 2023. Thus, a stay will not prejudice either party. For these reasons, and others set forth below, the Court should stay discovery until it rules upon Defendants' motion for partial summary judgment.

## STATEMENT OF FACTS

1. On March 3, 2023, Southern Utah Drag Stars filed an application for a special event permit from St. George City to host an event on April 28, 2023.[1]

2. On March 31, 2023, St. George City sent Southern Utah Drag Stars a letter denying their March 3rd Permit. *See* March 31, 2023 Denial Letter.[2]

3. Southern Utah Drag Stars appealed. The St. George City Council heard the appeal on April 11, 2023 and affirmed the denial with a 4-1 vote.[3]

4. On May 23, 2023, Plaintiffs filed their Complaint in the present case. *See* Dkt. #1.

5. On May 30, 2023, Plaintiffs filed a motion for a preliminary injunction. *See* Dkt. #34.

6. On June 16, 2023, the Court entered a preliminary injunction requiring St. George City to allow Plaintiffs to hold their event on their chosen date (June 30, 2023) at one of two forums of their choice. *See* Dkt. #63.

7. On June 30, 2023, Plaintiffs held their event pursuant to the preliminary injunction order.

8. On August 15, 2023, the Court entered a Scheduling Order that allowed for 15 depositions for each side, and 25 interrogatories, requests for admission, and requests for production of documents for each side. *See* Dkt. #71.

9. On August 31, 2023, St. George City revoked its special event permit ordinance and replaced it with a new ordinance. *See* Ordinance 2023-017, Def 202-223, Exh. 1.

---

[1] Dkt#34-7, DSTARS000045
[2] Dkt#34-7, DSTARS000036
[3] 4.11.23 City Council Meeting Minutes, p. 2.

10. On September 8, 2023, Plaintiffs served their Initial Disclosures. Plaintiffs disclosed 16 witnesses (including parties) and asserted "Compensatory damages in excess of $20,000" and costs and attorneys fees that "are currently in excess of $900,000." Plaintiffs' Initial Disclosures, p. 4-5, Exh. 2.

11. That same day, Defendants also served their Initial Disclosures. Defendants disclosed 11 witnesses (including parties). *See* Defendants' Initial Disclosures, Exh. 3.

12. On December 13, 2023, the Court entered an amended scheduling order adjusting the discovery deadlines. *See* Dkt. #82.

13. On December 14, 2023, Defendants filed a motion for partial summary judgment on the claims related to Plaintiffs' event for mootness because Plaintiffs held their event on June 30, 2023 and St. George City amended its Special Events Policy on August 31, 2023. *See* Dkt. #83.

## ARGUMENT

The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying the terms, including time and place, for the disclosure or discovery…" *Id.*

I. **DISCOVERY SHOULD BE STAYED BECAUSE THE SCOPE OF DISCOVERY MAY BE SIGNIFICANTLY REDUCED IF THE COURT RULES THAT PLAINTIFFS' CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF ARE NOW MOOT.**

Plaintiffs have sought two types of relief: (1) declaratory/injunctive relief allowing them to hold their event, and (2) compensatory damages. Defendants have moved for summary judgment on Plaintiffs' claims for declaratory/injunctive relief on grounds of mootness because Plaintiffs held the event in question on June 30th, per the Court's order, and Defendants have repealed and replaced the Special Events Ordinance. The Court should stay discovery until it rules on Defendants' summary judgment motion because it could greatly reduce the scope of discovery. If the motion is granted, the sole issue left to be resolved would be Plaintiffs' compensatory damages. This would include "Compensatory damages in excess of $20,000, reflecting lost ticket sales, lost vendor payments, additional fees charged by the City, and equipment costs, among other costs. Compensatory damages for reputational harm in an amount to be proven at trial." Plaintiffs' Initial Disclosures, p. 5, Exh. 2. Discovery on this issue would take much less time and require significantly less resources in terms of attorney, client and witness time.

II. **THE DELAY IN DISCOVERY WILL NOT BE SIGNIFICANT.**

The delay in discovery in order to resolve Defendant's motion for partial summary judgment will not be significant. By stipulation, Plaintiffs have until January 26, 2024 to file their opposition memo. Defendants are then scheduled to file their reply by February 9, 2024. At that point, the briefing will be complete. While additional time will be needed for a decision from the Court, the delay will not impact the parties significantly because Plaintiffs have already held the event that is the subject of their lawsuit and the ordinance has been repealed and replaced.

### III. THE COSTS OF DISCOVERY WILL BE ENORMOUS.

A stay of discovery is also warranted due to the costs of litigation to this point. Plaintiffs asserted in their Initial Disclosures, filed just four months after filing their complaint, that they have incurred more than $900,000 in attorneys' fees. This amount relates to filing the Complaint, the Motion for Preliminary Injunction and accompanying briefing, and the briefing on Defendants' motion for judgment on the pleadings related to the claims against the individual defendants. It does not include any discovery. Thus, it does not include written discovery, which the parties have served and answered, or any depositions of the 16 witnesses who have been designated (which have yet to be taken). It would be inefficient to incur these discovery expenses before the Corut rules on whether the claims related to the event and ordinance are moot. If the parties proceed with discovery and the Court grants Defendants' motion in any part, much of the discovery would be for naught. Simply put, the Court's ruling on Defendants' motion for partial summary judgment will greatly impact the scope of discovery. Therefore, a stay is warranted.

### CONCLUSION

For the reasons set forth above, the Court should stay discovery until it resolves Defendants' motion for partial summary judgment.

DATED this 9th day of January, 2024.

SNOW CHRISTENSEN & MARTINEAU

 /s/ Scott Young
Scott Young
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of January, 2024, I electronically filed the foregoing **DEFENDANTS' MOTION TO STAY DISCOVERY** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Annette Gamero