THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SOUTHERN UTAH DRAG STARS, LLC; and MITSKI AVALŌX,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF ST. GEORGE; CITY COUNCIL OF ST. GEORGE; COUNCILMEMBER JIMMIE HUGHES; COUNCILMEMBER DANNIELLE; COUNCILMEMBER NATALIE LARSEN; COUNCILMEMBER GREGG MCARTHUR; COUNCILMEMBER MICHELLE TANNER; MAYOR MICHELE RANDALL; and CITY MANAGER JOHN WILLIS,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING PART MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br><br>Case No. 4:23-cv-00044-DN-PK<br><br>District Judge David Nuffer |

　　　　This case involves the City Council of St. George's ("City Council") use of an City of St. George ("City") ordinance prohibiting advertising for special events to deny Plaintiffs' permit application for a special event at a City park; the City Council's denial of Plaintiffs' appeal of the permit application's denial; and the City Council's enactment of a six-month moratorium on certain special events at City parks.[1] Plaintiffs assert six causes of action against Defendants under 42 U.S.C. § 1983 for violation of the United States Constitution,[2] and two causes of action against Defendants for violation of the Utah State Constitution.[3] Defendants include the City; the

---

[1] Complaint ¶ 2 at 2, ¶ 5 at 3, ¶ 60 at 15, ¶ 70 at 18, ¶ 74 at 19, ¶¶ 80-83 at 20-21, ¶¶ 92-94 at 23, docket no. 2, filed May 5, 2023.

[2] *Id.* ¶¶ 111-185 at 26-38.

[3] *Id.* ¶¶ 186-201 at 39-41.

City Council; and the City's Mayor, City Manager, and City Councilmembers ("Individual Defendants").[4]

The City Council and Individual Defendants seek judgement on the pleadings ("Motion").[5] They argue that the City Council is not an entity capable of being sued.[6] They also argue that the Individual Defendants are entitled to absolute immunity from suit.[7] And they seek attorneys' fees under 28 U.S.C. § 1927, arguing that Plaintiffs have unreasonably and vexatiously multiplied the proceedings.[8]

Because Plaintiffs concede that the City Council may be dismissed, the Motion is GRANTED as to Plaintiffs' claims against the City Council. Plaintiffs' claims against the City Council are DISMISSED with prejudice. The Motion is also GRANTED as to Plaintiffs' § 1983 claims against the Individual Defendants, but not because the Individual Defendants are entitled to absolute immunity. Rather, Plaintiffs' § 1983 claims against the Individual Defendants are redundant with Plaintiffs' § 1983 claims against the City. Plaintiffs' § 1983 claims against the Individual Defendants are DISMISSED without prejudice.

The Motion is DENIED as to Plaintiffs' Utah State Constitution claims against the Individual Defendants because the issues relating to these claims were not adequately briefed. The Motion is also DENIED as to the request for attorneys' fees under 28 U.S.C. § 1927.

---

[4] *Id*. ¶¶ 15-19 at 5.

[5] Defendants City Council of St. George, Councilmembers Jimmie Hughes, Danielle Larkin, Natalie Larsen, Gregg McArthur, and Michelle Tanner, Mayor Michelle Randall, and City Manager John Willis's Motion for Judgment on the Pleadings ("Motion"), docket no. 67, filed July 25, 2023.

[6] *Id*. at 8-9.

[7] *Id*. at 5-8.

[8] *Id*. at 9.

**Contents**

DISCUSSION ........................................................................................................................... 3
    Plaintiffs concede the City Council may be dismissed ........................................... 4
    The Individual Defendants are not entitled to absolute immunity from Plaintiffs' official capacity § 1983 claims .................................................................................... 4
    Plaintiffs' § 1983 claims against the Individual Defendants are redundant with Plaintiffs' § 1983 claims against the City ................................................................................ 7
    The issues relating to Plaintiffs' Utah State Constitution claims against the Individual Defendants are not adequately briefed ................................................................... 8
    An award of attorneys' fees under § 1927 is not warranted ............................................. 8
ORDER ................................................................................................................................... 10

## DISCUSSION

The City Council and Individual Defendants seek judgment on the pleadings under FED. R. CIV. P. 12(c).[9] "A motion for judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[10] "[T]o survive judgment on the pleadings, [the complaint] must allege 'a claim to relief that is plausible on its face.'"[11]

"To determine whether the claim to relief is 'plausible on its face,' [courts] examine the elements of the particular claim and review whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] The complaint's well-pleaded factual allegations are viewed as true, and reasonable inferences are drawn in a light most favorable to the plaintiff.[13] However, "assertions devoid of

---

[9] Motion at 2.

[10] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (internal quotations omitted).

[11] *Sanchez v. U.S. Dep't of Energy*, 870 F.3d 1185, 1199 (10th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[12] *Id*. (quoting *Iqbal*, 556 U.S. at 663).

[13] *Id*.

factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[14]

### Plaintiffs concede the City Council may be dismissed

The City Council and Individual Defendants argue that the City Council is not a legal entity capable of being sued.[15] Plaintiffs respond that the City Council was named as a Defendant to preempt any argument that the denial of Plaintiffs' permit application was attributable to the City Council, rather than the City.[16] Plaintiffs assert that because Defendants have not challenged that the City is a proper Defendant, the claims against the City Council may be dismissed.[17]

Because Plaintiffs concede that their claims against the City Council may be dismissed, the City Council and Individual Defendants' Motion is GRANTED as to Plaintiffs' claims against the City Council. These claims are DISMISSED with prejudice.

### The Individual Defendants are not entitled to absolute immunity from Plaintiffs' official capacity § 1983 claims

The City Council and Individual Defendants argue that the Individual Defendants are entitled to absolute immunity from Plaintiffs' § 1983 claims for their legislative and quasi-judicial activities.[18] Their argument relies primarily on the Supreme Court's holding in *Bogan v. Scott-Harris* that "local legislators are . . . absolutely immune from suit under § 1983 for their legislative activities."[19] However, neither *Bogan* nor the authorities relied on for

---

[14] *Iqbal*, 556 U.S. at 678, 681.

[15] Motion at 8-9.

[16] Plaintiffs' Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings ("Response") at 2 n.5, docket no. 73, filed Aug. 22, 2023.

[17] *Id*.

[18] Motion at 5-8.

[19] 523 U.S. 44, 49 (1998).

quasi-judicial immunity[20] address the distinction between personal-capacity and official-capacity suits. Nor does *Bogan* expressly overrule or disavow the Supreme Court's precedent discussing the distinction.

Plaintiffs' § 1983 claims are brought against the Individual Defendants in their official capacities.[21] "Official-capacity suits . . . represent only another way of pleading an action against an entity of which an officer is an agent."[22] "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[23] "It is *not* a suit against the official personally, for the real party in interest is the entity."[24] Thus, an official-capacity suit does not seek to impose personal liability upon a government official for actions the official takes under color of law.[25]

This distinction between official-capacity and personal-capacity suits is important because "[w]hen it comes to defenses to liability, an official in a personal-capacity action may . . . be able to assert personal immunity defenses," such as absolute immunity.[26] But "[i]n an official-capacity action, these defenses are unavailable."[27] "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment."[28] And for officers of municipalities and other local government units this means that absolute immunity is not an available defense to an

---

[20] *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing *Butz v. Economou*, 438 U.S. 478, 514 (1978)).

[21] Complaint ¶¶ 17-19 at 5.

[22] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotations omitted).

[23] *Id.* at 166.

[24] *Id.* (emphasis in original).

[25] *Id.* at 165-166.

[26] *Id.* at 166-167.

[27] *Id.* at 167; see also *Bd. of Cty. Comm'rs, Wabaunsee Cty., Kan. v. Umbehr*, 518 U.S. 668, 677 n.* (1996).

[28] *Graham*, 473 U.S. at 167; see also *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

official-capacity § 1983 claim. This is because "[m]unicipal entities and local governing bodies are not entitled to the traditional common law immunities for [§] 1983 claims."[29]

When analyzing the availability of immunity defenses post-*Bogan*, the Tenth Circuit Court of Appeals has maintained the distinction between personal-capacity and official-capacity suits.[30] In *Kamplain v. Curry Cty. Bd. of Comm'rs*, the Tenth Circuit recognized that "[t]he Supreme Court . . . has been careful not to extend the scope of legislative immunity protection further than its purposes require, and the government official seeking immunity bears the burden of showing that an exemption from *personal liability* is justified."[31] And in *Sable II v. Myers*, the Tenth Circuit discussed that "[l]egislative immunity enables officials to serve the public without fear of *personal liability*."[32] "It applies, however, only to legislators sued in their individual capacities, not to the legislative body itself."[33]

Because Plaintiffs' § 1983 claims are brought against the Individual Defendants in their official capacities, Plaintiffs are not seeking to impose liability against the Individual Defendants personally. The claims are in all respects other than name, claims against the City.[34] Therefore, the Individual Defendants' immunity defenses are limited to those defenses of the City.[35] And

---

[29] *Whitesel v. Sengenberger*, 222 F.3d 861, 870 (10th Cir. 2000) (citing *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993)).

[30] The City Council and Individual Defendants cite to an Eighth Circuit Court of Appeals opinion which views Supreme Court precedent as holding that absolute immunity applies to official-capacity § 1983 claims. *Church v. Missouri*, 913 F.3d 736 (8th Cir. 2019). However, the Eighth Circuit's opinion is not binding, and is not persuasive in light of the Tenth Circuit's precedent.

[31] 159 F.3d 1248, 1251 (10th Cir. 1998) (citing *Forrester v. White*, 484 U.S. 219 224 (1988)) (internal punctuation and citations omitted; emphasis added).

[32] 563 F.3d 1120, 1123 (10th Cir. 2009) (emphasis added).

[33] *Id*. (citing *Minton v. St. Bernard Parish Sch. Bd.*, 803 F.2d 129m, 133 (5th Cir. 1986).

[34] *Graham*, 473 U.S. at 166.

[35] *Id*. at 167; *Melo*, 502 U.S. at 25; *Sable II*, 563 F.3d at 1123.

because the City is not entitled to an absolute immunity defense from Plaintiffs' § 1983 claims,[36] the Individual Defendants are not entitled to absolute immunity from Plaintiffs' § 1983 claims.

### Plaintiffs' § 1983 claims against the Individual Defendants are redundant with Plaintiffs' § 1983 claims against the City

Although the Individual Defendants are not entitled to absolute immunity against Plaintiffs' § 1983 claims, this does not mean that the § 1983 claims survive judgment on the pleadings. Because Plaintiffs' § 1983 claims are brought against the Individual Defendants in their official capacities, the real party in interest for these claims is the City.[37] But Plaintiffs have also asserted identical claims against the City.[38] Therefore, Plaintiffs' § 1983 claims against the Individual Defendants are redundant with Plaintiffs' § 1983 claims against the City.

"[A]lthough 'redundancy in pleadings may be harmless,' [R]ule 12(f) of the Federal Rules of Civil Procedure specifically authorizes courts—either upon motion, or sua sponte—to eliminate redundant material in pleadings."[39] And District "Courts routinely dismiss official-capacity claims against officials as redundant with claims against the entity itself."[40]

It is unnecessary for Plaintiffs' redundant § 1983 claims against the Individual Defendants to remain active in this litigation. Plaintiffs concede as much, asserting that "dismissal of the [I]ndividual [D]efendants and the City Council would have no effect on the course of the proceedings going forward."[41] Therefore, the City Council and Individual

---

[36] *Whitesel*, 222 F.3d at 870.

[37] *Graham*, 473 U.S. at 166.

[38] Complaint ¶¶ 111-185 at 26-38.

[39] *Tavasci v. Cambron*, No. CIV 16-0461 JB/LF, 2017 WL 3173011, *28 (D. N.M. May 31, 2017) (quoting *Vondrak v. City of Las Cruces*, No. CIV-05-0172 JB/LFG, 2009 WL 1300945, *2 n.1 (D. N.M. Mar. 30, 2009)).

[40] *Id.* (listing cases).

[41] Response at 15.

Defendants' Motion is GRANTED at to Plaintiffs' § 1983 claims against the Individual Defendants. These claims are DISMISSED without prejudice.

### The issues relating to Plaintiffs' Utah State Constitution claims against the Individual Defendants are not adequately briefed

The City Council and Individual Defendants' Motion does not specifically address the propriety of Plaintiffs' Utah State Constitution claims against the Individual Defendants. Indeed, neither party argues nor cites any legal authority directly addressing the issues as they relate to official-capacity claims under the Utah State Constitution. Therefore, because these issues are not adequately briefed, the City Council and Individual Defendants' Motion is DENIED as to Plaintiffs' Utah State Constitution claims against the Individual Defendants.

### An award of attorneys' fees under § 1927 is not warranted

The City Council and Individual Defendants argue that they are entitled to attorney's fees under 28 U.S.C. § 1927 because Plaintiffs unreasonably multiplied the proceedings by naming as Defendants the City Council and Individual Defendants.[42] This argument lacks merit.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.[43]

The Tenth Circuit Court of Appeals "strictly construe[s]" § 1927 to avoid "dampen[ing] the legitimate zeal of an attorney in representing [the attorney's] client."[44] The statute's standard is

---

[42] Motion at 9.

[43] 28 U.S.C. § 1927.

[44] *Frey v. Town of Jackson*, 41 F.4th 1223, 1245 (10th Cir. 2022) (internal quotations omitted).

"extreme" and fees should be awarded "only in instances evidencing a serious and standard disregard for the orderly process of justice."[45]

The mere naming of the City Council and Individual Defendants as Defendants in Plaintiffs' Complaint cannot serve as a basis for awarding fees under § 1927. Section 1927's "unambiguous statutory language necessarily excludes the complaint that gives birth to the proceedings, as it is not possible to multiply proceedings until *after* those proceedings have begun."[46] Thus, only Plaintiffs' conduct after the filing of the Complaint can multiply the proceedings for purposes of § 1927.

The City Council and Individual Defendants do not attempt to identify any conduct of Plaintiffs that multiplied the proceedings after the Complaint's filing. The City Council and Individual Defendants argue only that they should not have been named as Defendants in the Complaint.[47] This cannot support a fees award under § 1927.[48]

The City Council and Individual Defendants also point to Plaintiffs' concessions that the City Council may be dismissed, and that the dismissal of the City Council and Individual Defendants will not alter the course of the proceedings.[49] But Plaintiffs made these concessions less than three months after the Complaint's filing and in response to the first motion seeking dismissal of Plaintiffs' claims.[50] Plaintiffs also provided their rationale for naming the City Council and Individual Defendants as Defendants, *i.e.*, to preempt any argument any that the

---

[45] *Id*. (internal quotations omitted).

[46] *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224-1225 (10th Cir. 2006).

[47] Motion at 9.

[48] *Steinert*, 440 F.3d at 1224-1225.

[49] Defendants City Council of St. George, Councilmembers Jimmie Hughes, Danielle Larkin, Natalie Larsen, Gregg McArthur, and Michelle Tanner; Mayor Michele Randall; and City Manager John Willis's Reply Memorandum in Support of Their Motion for Judgment on the Pleadings at 9-10, docket no. 74, filed Sept. 5, 2023.

[50] Response at 2 n.5, 15.

denial of Plaintiffs' permit application was not attributable to the City (the real party in interest).[51] Such conduct cannot be seen as a serious and standard disregard for the orderly process of justice, or an unreasonable and vexatious multiplication of the proceedings. Therefore, an award of attorneys' fees under § 1927 is not warranted.

## ORDER

IT IS HEREBY ORDERED that the City Council and Individual Defendants' Motion[52] is GRANTED in part and DENIED in part as follows:

1. The Motion is GRANTED as to Plaintiffs' claims against the City Council. Plaintiffs' claims against the City Council are DISMISSED with prejudice.

2. The Motion is GRANTED as to Plaintiffs' § 1983 claims against the Individual Defendants. Plaintiffs' § 1983 claims against the Individual Defendants are DISMISSED without prejudice.

3. The Motion is DENIED as to Plaintiffs' Utah State Constitution claims against the Individual Defendants.

4. The Motion is DENIED as to the City Council and Individual Defendants' request for attorneys' fees under § 1927.

Signed February 27, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[51] *Id.*

[52] Docket no. 67, filed July 25, 2023.