UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| SOUTHERN UTAH DRAG STARS;<br><br>MITSKI AVALŌX,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF ST. GEORGE;<br><br>CITY COUNCIL OF ST. GEORGE;<br><br>COUNCILMEMBER JIMMIE HUGHES, in his official capacity;<br><br>COUNCILMEMBER DANNIELLE LARKIN in her official capacity;<br><br>COUNCILMEMBER NATALIE LARSEN in her official capacity;<br><br>COUNCILMEMBER GREGG MCARTHUR in his official capacity;<br><br>COUNCILMEMBER MICHELLE TANNER in her official capacity;<br><br>MAYOR MICHELE RANDALL in her official capacity;<br><br>CITY MANAGER JOHN WILLIS in his official capacity,<br><br>　　　　　　　　　　Defendants. | Case No. 4:23-cv-00044-DN-PK<br><br>**PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

Plaintiffs Southern Utah Drag Stars, LLC and Mitski Avalōx ("Plaintiffs") respectfully

request that the Court enter an order enforcing the settlement agreement entered into on January

1

30, 2025, by the Parties (the "Settlement Agreement" or "Agreement").

As set forth in the supporting declaration of Rémi Jaffré, the Agreement contains a provision in which Defendants admit that Plaintiffs are the "prevailing party entitled to recover reasonable attorneys' fees and costs" (the "Fee Provision"). Plaintiffs request an order (1) incorporating the valid and enforceable terms of the Settlement Agreement;[1] (2) declaring that Defendants have breached the Agreement by now repudiating Plaintiffs' entitlement to attorneys' fees and costs; and (3) holding that Plaintiffs are the "prevailing party entitled to recover reasonable attorneys' fees and costs" pursuant to the Agreement.

## STATEMENT OF FACTS

On June 16, 2023, this Court granted Plaintiffs' Motion for a Preliminary Injunction and ordered Defendants to reverse their denial of Plaintiffs' special event permit.[2]

Defendants filed a Motion for Judgment on the Pleadings on July 25, 2023,[3] which the Court granted in part and denied in part.[4] The Parties met in August 2023 to propose a discovery plan, which was filed with the Court.[5]

On November 21, 2023, the Parties met for mediation but did not succeed in reaching a settlement.[6] On December 14, 2023, Defendants filed a motion for partial summary judgment,[7] which the Court denied in part and granted in part.[8]

The Parties had a scheduling conference with the Court on August 14, 2024,[9] and filed a

---

[1] *See Verlo v. City & Cnty. of Denver*, 789 F. App'x 709, 713 (10th Cir. 2019).
[2] ECF No. 63.
[3] ECF No. 67.
[4] ECF No. 95.
[5] ECF No. 68.
[6] ECF No. 79.
[7] ECF No. 83.
[8] ECF No. 102.
[9] ECF No. 103.

joint deposition plan on September 27, 2024.[10]



On January 30, 2025, the Parties signed and executed the Settlement Agreement to resolve the legal claims in this matter.[16]

The executed Agreement provided that Defendants would pay Plaintiffs an agreed sum within fourteen days after the Agreement went into effect.[17] The Parties also agreed Defendants

---

[10] ECF No. 108.
[11] Declaration of Rémi Jaffré in Support of Plaintiffs' Motion to Enforce Settlement Agreement ("Jaffré Decl.") ¶ 9 & Ex. A.
[12] *Id.*; *see* ECF No. 121.
[13] Jaffré Decl. ¶ 10 & Ex. A.
[14] *Id*.
[15] *Id*. In this communication, counsel for Defendants further noted that "the City does not want to waive any rights with respect to argument regarding *the amount of attorneys' fees.*" *Id*. Ex. A (emphasis added).
[16] *Id*. ¶ 11.
[17] *Id*. ¶ 12 & Ex. A.

would issue a press release apologizing for violating Plaintiffs' constitutional rights.[18] The provision at issue in this Motion (the "Fee Provision") reads as follows:

> Attorney Fees and Costs. The Parties agree that SUDS is the "prevailing party" entitled to recover reasonable attorneys' fees and costs under 42 U.S.C. § 1988. The Parties further agree that any such petition for attorneys' fees may not seek fees incurred after the date of this Settlement Agreement. The Parties further agree that, *except as set forth in this Paragraph 6*, St. George City retained, and has not waived, any rights to contest or dispute SUDS' alleged attorneys' fees.[19]

The Fee Provision was a core part of the Parties' settlement.[20] Plaintiffs have complied and will continue to comply with the terms of the Agreement.

In accordance with the Settlement Agreement, on February 7, 2025, Plaintiffs filed a Motion for Attorneys' Fees and Costs (the "Fees Motion") with this Court, seeking a reasonable fee award pursuant to 2 U.S.C. § 1988, DUCivR 54-2, and Rule 54(d) of the Federal Rules of Civil Procedure.[21] The Fees Motion was supported by the acknowledgement that Defendants "agreed, as part of settlement terms, not to dispute Plaintiffs' prevailing party status."[22] Indeed, Plaintiffs believed their prevailing party status had been settled by mutual agreement and the only question remaining was the amount of the fee award.[23]

On February 28, 2025, Defendants filed a Memorandum in Opposition to Plaintiffs' Motion for Attorneys' Fees (the "Opposition"), requesting that the Court deny Plaintiffs' motion.[24]

Despite Defendants' earlier acknowledgement in the Settlement Agreement that Plaintiffs were the prevailing party entitled to attorneys' fees pursuant to 42 U.S.C. § 1988, ▮

---

[18] *Id.*
[19] *Id.* 13 & Ex. B (emphasis added).
[20] *Id.* ¶ 14.
[21] ECF No. 129.
[22] Pls.' Mem., ECF No. 129, at 4.
[23] Jaffré Decl. ¶ 16.
[24] *See* Defs.' Mem., ECF No. 136, at 2–3.

4

████████████████████████████████, in the Opposition, Defendants argued that Plaintiffs "are not entitled to attorneys' fees for obtaining a preliminary injunction."[25] In doing so, the Opposition did not dispute the validity or enforceability of the Settlement Agreement. Instead, it cited the Supreme Court's decision in *Lackey v. Stinnie*,[26] which as discussed below is inapplicable, to flout the Agreement's express terms.[27]

Plaintiffs do not dispute that Defendants have retained the right to dispute the *reasonableness* or *amount* of Plaintiffs' attorney's fees, though Plaintiffs disagree with their arguments to that effect,[28] but the fact that Plaintiffs have prevailed in this litigation and are entitled to recover reasonable attorneys' fees was settled in the Agreement.

## ARGUMENT

This Court has the power "to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it."[29] "Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law."[30]

The Agreement was signed, written, and executed by all Parties and thus is a valid and enforceable contract under Utah law.[31] The Parties reached agreement after voluntary negotiations described *supra* and immediately began performing under the Agreement. On February 7, 2025,

---

[25] *Id*.
[26] 145 S. Ct. 659 (2025).
[27] *Id*.
[28] *See* Pls.' Reply Mem.
[29] *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993); *see also Shumway v. Wright*, No. 4:19-CV-00058-DN-PK, 2020 WL 4039087, at *1 (D. Utah July 17, 2020) (Nuffer, J.) (granting motion to enforce settlement agreement while case was live and entering order incorporating the terms of the settlement) (unpublished).
[30] *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004).
[31] *See Patterson v. Knight*, 391 P.3d 1075, 1077 (Utah Ct. App. 2017) ("A binding contract exists where it can be shown that the parties had a meeting of the minds as to the integral features of the agreement and that the terms are sufficiently definite as to be capable of being enforced") (internal quotation marks omitted); *McKelvey v. Hamilton*, 211 P.3d 390, 397 (Utah Ct. App. 2009) ("Contract formation requires two necessary elements: offer and acceptance.").

Defendants issued a public apology for violating the rights of Plaintiffs, and on February 24, 2025, Defendants paid the settled sum. During the same period, Plaintiffs stopped prosecuting their constitutional claims. Defendants' later reneging on the Fee Provision to which they signed and agreed cannot stand.[32]

The Fee Provision expressly and unambiguously prohibits Defendants from contesting the Plaintiffs' entitlement to attorneys' fees and costs. In other words, it resolves the question whether Plaintiffs are entitled to attorneys' fees: they are. Under settled principles of contract law, where the plain language of a contract is unambiguous, the Court may simply construe the provision as a matter of law to determine that a party has breached.[33]

Defendants do not dispute that there was a valid Settlement Agreement or the meaning of the Fee Provision in their Opposition,[34] because there is nothing to dispute. To explain their about-face, Defendants cite their right under the Agreement to contest Plaintiffs' requested fees, but conspicuously omit mention of the unambiguous language in that very same provision limiting these rights.[35] The Provision expressly states that Defendants "retained . . . any rights to contest or dispute [Plaintiffs'] attorneys' fees," "*except as set forth in this Paragraph*"—meaning the statement in the immediately preceding sentence that Plaintiffs "are the 'prevailing party' entitled to recover reasonable attorneys' fees and costs under 42 U.S.C. § 1988."[36]

---

[32] *See, e.g.*, *Shumway*, 2020 WL 4039087, at *1 (D. Utah July 17, 2020) (Nuffer, J.) (granting motion to enforce settlement agreement even where one party later refused to sign the written document containing the settlement terms) (unpublished); *Hope Int'l Hospice, Inc. v. Net Health Sys., Inc.*, 2023 WL 5508840, at *6 (D. Utah Aug. 25, 2023) (enforcing settlement and fees provision even though one party neglected to sign the agreement) (unpublished); *Echevarria v. Logan City*, 2023 WL 1821945, at *7 (D. Utah Feb. 8, 2023) (enforcing settlement reached during mediation even in absence of signed written document) (unpublished).
[33] *See Merrick Young Inc. v. Wal-Mart Real Est. Bus. Tr.*, 257 P.3d 1031, 1036–37 (Utah Ct. App. 2011).
[34] *See, e.g.*, Defs' Mem. at 3.
[35] *See* Defs.' Mem. at 3.
[36] Jaffré Decl. ¶ 15 & Ex. B (emphasis added).

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████[37]

As noted *supra* and consistent with the terms of the Fee Provision, Plaintiffs do not dispute Defendants' right to contest the *amount* of their requested fees and costs, which they have done. However, Defendants' sudden, opportunistic backpedaling on Plaintiffs' entitlement to *some* amount of attorneys' fees and costs is not a permitted dispute under the provision, but rather a clear breach of the Agreement.

Defendants' citation to an inapt Supreme Court decision in *Lackey* cannot excuse their breach of the Agreement. As explained in the Plaintiffs' Reply Memorandum in Support of the Motion for Attorneys' Fees and Costs,[38] *Lackey* is distinguishable in multiple ways. In *Lackey*, the Supreme Court concluded that the plaintiffs lacked prevailing party status after only being awarded a preliminary injunction, because the parties agreed the action had become moot and stipulated to dismissal *without* entering into a settlement that governed the plaintiffs' prevailing party status or entitlement to attorney fees.[39] That scenario is entirely unlike the one presently before the Court. Indeed, this Court *denied* Defendants' motion to dismiss the case as moot; the Court enjoys complete jurisdiction over the case; and Plaintiffs' Motion does not hinge on the Court's preliminary injunction order but on the Settlement Agreement, which expressly establishes that Plaintiffs are the prevailing party entitled to attorney fees. Indeed, Defendants' reading of *Lackey* to prevent an award of fees in such a case would suggest that plaintiffs can never obtain attorney fees if they settle—no matter the terms of their settlement agreement—and must always

---

[37] Jaffré Decl. Ex. A.
[38] Pls. Reply Mem. at 2–3.
[39] *See Lackey v. Stinnie*, 145 S. Ct. 659, 665 (2025).

litigate a case to trial to obtain an award of fees, an absurd result that would undercut the federal courts' policy favoring settlement.[40]

Defendants seemingly seek to benefit from the aspects of the Parties' Settlement Agreement which benefit them while simultaneously repudiating a core component of the consideration afforded to Plaintiffs under the same Agreement. Defendants have not proffered any authority for the proposition that they may do so, and Plaintiffs are aware of none.

To the extent Defendants' position is now that the Settlement Agreement should be unwound in its entirety based on the Supreme Court's decision in the *Lackey* case, Defendants would ask the Court to ignore the clear law and guiding policy of the State of Utah.[41] Settlement agreements cannot be invalidated simply because one party later discovers information that makes the terms of the settlement less attractive.[42] There has been no "fraud, duress, undue influence, or mistake" that could justify voiding the Fee Provision,[43] and Defendants do not allege that there has. The risk that the law may change cannot justify voiding an enforceable contract, and a mistake of law is not grounds to void a contract either.[44] All settlements are entered into under conditions

---

[40] *See generally GET, LLC v. City of Blackwell*, 407 F. App'x 307, 318 (10th Cir. 2011); *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994).

[41] *See R & R Indus. Park, L.L.C. v. Utah Prop. & Cas. Ins. Guar. Ass'n*, 199 P.3d 917, 927 (Utah 2008) ("Settlement agreements 'are encouraged to promote harmony and to prevent the waste of assets.'") (quoting *In re Estate of Chasel*, 725 P.2d 1345, 1348 (Utah 1986)); *Tracy-Collins Bank & Tr. Co. v. Travelstead*, 592 P.2d 605, 607 (Utah 1979) ("Settlements are favored in the law, and should be encouraged, because of the obvious benefits accruing not only to the parties, but also to the judicial system.").

[42] *See R & R Indus. Park, L.L.C.*, 199 P.3d at 928 ("Once formally entered, a settlement agreement cannot be set aside merely because one party discovers new evidence which could make the outcome more favorable to that party." (internal quotation marks and brackets omitted)); *Bonner Cnty. v. W. Ins. Co. (In re W. Ins. Co.)*, 521 P.3d 851, 865 (Utah 2022) ("When a claim is fully compromised and settled, parties can't go back and revisit the claim based on the post-agreement discovery of new information." (internal quotation marks omitted)).

[43] *See R & R Indus. Park, L.L.C.*, 199 P.3d at 927.

[44] *See Kiahtipes v. Mills*, 649 P.2d 9, 13 (Utah 1982) (holding that "the mistake doctrine applies only to mistakes concerning existing fact and not to errors in the legal interpretation of a document.").

of uncertainty over facts and law—that is the very purpose of settlement. Indeed, allowing Defendants to disturb the Settlement Agreement would seriously undermine the clear policy of the State of Utah encouraging settling of claims.[45]

With full knowledge and understanding of the state of the law and the facts in this case, Defendants agreed that based on the preliminary injunction order and its effects, Defendants' monetary and other concessions in the Settlement Agreement, and other favorable decisions and events *in this specific case*, Plaintiffs had prevailed and should correspondingly be awarded fees and costs in an amount to be set by the Court. Defendants cannot walk back that binding agreement.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and enforce the Settlement Agreement reached between the Parties on January 30, 2025, and enter an order that (1) incorporates the Settlement Agreement; (2) declares that Defendants' refusal to concede Plaintiffs' entitlement to attorneys' fees and costs breached the Agreement; and (3) holds that Plaintiffs are the "prevailing party entitled to recover reasonable attorneys' fees and costs" under the Fee Provision and in this litigation.

Dated: March 21, 2025

Respectfully submitted,

/s/*Jeremy Creelan*

| | |
|---|---|
| Jason Groth | Jeremy Creelan* |
| Thomas Ford* | Rémi Jaffré* |
| **AMERICAN CIVIL LIBERTIES UNION** | Owen W. Keiter* |
| **OF UTAH FOUNDATION** | **JENNER & BLOCK LLP** |
| 311 South State Street, Suite 310 | 1155 Avenue of the Americas |
| Salt Lake City, Utah 84111 | New York, NY 10036 |
| (801) 521-9862 | (212) 891-1600 |
| jgroth@acluutah.org | JCreelan@jenner.com |
| tford@acluutah.org | RJaffre@jenner.com |
| | OKeiter@jenner.com |

---

[45] *See R & R Indus. Park,* 199 P.3d at 927; *Tracy-Collins Bank & Tr.*, 592 P.2d at 607.

9

Emerson Sykes*
Joshua A. Block*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
esykes@aclu.org
jblock@aclu.org

**Appearing pro hac vice.*

Nathaniel Castellano*
**JENNER & BLOCK LLP**
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6000
NCastellano@jenner.com

Meredith Hurley*
Jocelyn Sitton*
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
MHurley@jenner.com
JSitton@jenner.com

## CERTIFICATE OF SERVICE

    I certify that I served a copy of the foregoing document with the Clerk of Court via the Court's CM/ECF Filing system.

                                          /s/ *Jeremy Creelan*

                                          March 21, 2025