# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| SOUTHERN UTAH DRAG STARS; <br><br> MITSKI AVALŌX, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ST. GEORGE; <br><br> CITY COUNCIL OF ST. GEORGE; <br><br> COUNCILMEMBER JIMMIE HUGHES, in his official capacity; <br><br> COUNCILMEMBER DANNIELLE LARKIN in her official capacity; <br><br> COUNCILMEMBER NATALIE LARSEN in her official capacity; <br><br> COUNCILMEMBER GREGG MCARTHUR in his official capacity; <br><br> COUNCILMEMBER MICHELLE TANNER in her official capacity; <br><br> MAYOR MICHELE RANDALL in her official capacity; <br><br> CITY MANAGER JOHN WILLIS in his official capacity, <br><br> Defendants. | Case No. 4:23-cv-00044-DN-PK <br><br> **DECLARATION OF RÉMI JAFFRÉ IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

I, Rémi Jaffré, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1

1. I am an attorney at the law firm Jenner & Block LLP ("Jenner & Block"), counsel for Plaintiffs Southern Utah Drag Stars and Mitski Avalōx ("Plaintiffs"). I submit this declaration in support of Plaintiffs' Motion for Enforcement of the Settlement Agreement in connection with the above-captioned matter. I have personal knowledge of the facts herein and would be competent to testify to them.

2. In this lawsuit, Plaintiffs sought a preliminary injunction ordering Defendants the City of St. George, the City Council of St. George, and Councilmembers Jimmie Hughes, Dannielle Larkin, Natalie Larsen, Gregg McArthur, Michelle Tanner, Mayor Michele Randall, and City Manager John Willis ("Defendants" or the "City") to reverse their denial of a special event permit to Plaintiffs for their "Our Allies & Community Drag Show."

3. The Court issued this preliminary injunction on June 16, 2023, allowing Plaintiffs to hold their scheduled event in June 2023.

4. After the Court issued this preliminary injunction, the City revoked its special event permit ordinance and replaced it with a new ordinance on August 31, 2023.

5. The parties met in August 2023 to propose a discovery plan, which was filed with the Court. Defendants filed a Motion for Judgment on the Pleadings July 25, 2023, which the Court granted in part and denied in part.

6. On November 21, 2023, the Parties met for mediation but were without success in settling the claims.

7. On December 14, 2023, Defendants filed a motion for partial summary judgment, which the Court denied in part and granted in part.

8. The parties had a scheduling conference with the court on August 14, 2024, and filed a joint deposition plan on September 27, 2024.



11.     On January 30, 2025, my client signed and executed a settlement agreement (the "Settlement Agreement") to resolve the legal claims in the above-captioned matter. A true and correct copy of this Settlement Agreement is attached to my declaration as **Exhibit B**.

12.     The executed Agreement provided that Defendants would pay Plaintiffs an agreed sum within fourteen days after the Agreement went into effect. The Parties also agreed Defendants would issue a press release apologizing for violating Plaintiffs' constitutional rights.

13.     Paragraph 6 of the Settlement Agreement (the "Fee Provision"), which is at issue in the present Motion, reads as follows:

> Attorney Fees and Costs. The Parties agree that SUDS is the "prevailing party" entitled to recover reasonable attorneys' fees and costs under 42 U.S.C. § 1988. The Parties further agree that any such petition for attorneys' fees may not seek fees incurred after the date of this Settlement Agreement. The Parties further agree that,

*except as set forth in this Paragraph 6*, St. George City has retained, and has not waived, any rights to contest or dispute SUDS' alleged attorneys' fees.

14. The Fee Provision was a core part of the Parties' settlement.

15. Defendants issued a public apology on February 7, 2025, and on February 24, 2025, Defendants paid the settlement amount. Upon signing the Agreement, Plaintiffs stopped litigating their claims in connection with the above-captioned matter, except to move for attorneys' fees and costs.

16. In accordance with the Settlement Agreement, on February 7, 2025, Plaintiffs filed a Motion for Attorneys' Fees and Costs (the "Fees Motion") with this Court, seeking a reasonable fee award pursuant to 2 U.S.C. § 1988, DUCivR 54-2, and Rule 54(d) of the Federal Rules of Civil Procedure. The Fees Motion argued that Defendants "agreed, as part of settlement terms, not to dispute Plaintiffs' prevailing party status" because Plaintiffs believed their prevailing party status had been settled by mutual agreement and the only question remaining was the amount of the fee award.

17. On February 28, 2025, Defendants filed a Memorandum in Opposition to Plaintiffs' Motion for Attorneys' Fees (the "Opposition"), requesting that the Court deny Plaintiffs' motion.

18. Despite Defendants' earlier acknowledgement in the Settlement Agreement that Plaintiffs were the prevailing party entitled to recover reasonable attorneys' fees, the Opposition argued that Plaintiffs were not prevailing parties in this case and thus are not entitled to attorneys' fees. I do not understand the Opposition to have disputed the validity or enforceability of the Settlement Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

March 21, 2025                                    */s/      Rémi Jaffré*

Rémi Jaffré