SCOTT YOUNG (10695)
SPENCER FANE LLP
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
*Attorneys for Defendants*

RYAN N. DOOLEY (17009)
JAMI R. BRACKIN (08753)
CITY OF ST. GEORGE
175 E. 200 N.
St. George, Utah 84765
ryan.dooley@scgity.org
jami.brackin@sgcity.org
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SOUTHERN UTAH DRAG STARS, LLC, and MITSKI AVALOX,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ST. GEORGE,<br><br>Defendants. | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Civil No. 4:23CV44<br><br>Honorable David Nuffer<br><br>**REDACTED VERSION** |

## RELIEF REQUESTED AND GROUNDS

Plaintiffs have moved to enforce the Settlement Agreement executed by the parties on January 30, 2025. Defendants agree with Plaintiffs that the Settlement Agreement should be enforced; however, it must be enforced in compliance with the Supreme Court's decision in *Lackey v. Stinnie*, 145 S.Ct. 659 (2025), issued on February 25, 2025.

In the Settlement Agreement, the parties agreed:

1

Settlement Agreement.  Less than a month after the Settlement Agreement was executed, the

Supreme Court issued *Lackey*, in which it held that a plaintiff who obtains a preliminary injunction

is not a "prevailing party":

> A party "prevails when a court conclusively resolves his claim by granting enduring relief on the merits that alters the legal relationship between the parties.  Critically, both the change in relationship and its permanence must result from a judicial order. A preliminary injunction, which temporarily preserves the parties' litigating positions based in part on a prediction of the likelihood of success on the merits, does not render a plaintiff a "prevailing party."

*Id.*, *8.

Based on the Supreme Court's ruling, Plaintiffs are not a prevailing party and are not

entitled to attorneys' fees.  Plaintiffs expressly agreed that St. George City could contest attorneys'

fees, and they took on the risk that the law regarding "prevailing party" status would change and

remove their right to recover attorneys' fees for obtaining a preliminary injunction.  For these

reasons, and others set forth below, the Court should enforce the settlement agreement in light of

the Supreme Court's holding in *Lackey* and find that Plaintiffs are not a prevailing party and are

not entitled to attorneys' fees.

## ARGUMENT

### I.   THE SETTLEMENT AGREEMENT IS ENFORCEABLE.

Defendants agree with Plaintiffs that the Settlement Agreement is enforceable.  Defendants

further agree that this Court has the power "to summarily enforce a settlement agreement entered

into by the litigants while the litigation is pending before it."  *United States v. Hardage*, 982 F.2d

1491, 1496 (10th Cir. 1993).  Defendants also agree that "[i]ssues involving the formation and

2

construction of a purported settlement agreement are resolved by applying state contract law."

*Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004).

The parties executed the Settlement Agreement on January 30, 2025. St. George City paid the amount specified in the Settlement Agreement to Plaintiffs, and it also issued the press release agreed upon in the Settlement Agreement. Thus, there is no dispute that the parties executed a binding Settlement Agreement and that St. George City has performed its obligations under the Settlement Agreement. In light of this, there are two questions regarding enforcement of the Settlement Agreement for this Court to decide: (1) whether St. George City can contest Plaintiffs' right to attorneys' fees, and (2) whether the Supreme Court's decision in *Lackey* impacts the attorneys' fee analysis. St. George City believes the answer to both questions is clearly "yes."

## II.   THE SETTLEMENT AGREEMENT ALLOWS ST. GEORGE CITY TO CONTEST ATTORNEYS' FEES BASED ON A CHANGE IN LAW.

### A. The Settlement Agreement is unambiguous and does not prohibit St. George City from arguing Plaintiffs are not entitled to attorneys' fees based on a change in law.

The attorneys' fee provision in the Settlement Agreement provides:



Settlement Agreement. Plaintiffs contend that St. George City cannot contest attorneys' fees because it agreed Plaintiffs were the prevailing party entitled to recover attorneys' fees in this provision. This interpretation is incorrect. The final sentence makes clear that St. George City retained its right to contest or dispute SUDS' alleged attorneys fees.

Plaintiffs argue the clause ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ precludes an argument against any fees because earlier in the paragraph the parties agreed that ▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This, however, is not what has occurred. St. George City is contesting attorneys' fees based on an intervening change in law. Nothing in the Settlement Agreement prohibits St. George City from contesting attorneys' fees based on a newly-issued Supreme Court opinion.

There is no dispute that *Lackey* applies retroactively to the Settlement Agreement. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 90 (1993) ("[W]e hold that this Court's application of a rule of federal law to the parties before the Court requires every court to give retroactive effect to that decision."). There is also no dispute that a provision in the Settlement Agreement cannot be contrary to law. *See Baker v. Latses*, 206 P.553, 555 (Utah 1922) ("It is the generally accepted doctrine of this country that every contract in violation of law is void. It is equally true that our courts will not lend their aid to enforcement of nor permit a recovery of compensation under, contracts made and entered into in violation of the law prohibiting them or declaring them to be unlawful."). Based on *Lackey*, Plaintiffs cannot be the "prevailing party" because they only obtained a preliminary injunction, and they are not entitled to attorneys' fees.

### B. The emails exchanged during negotiation of the Settlement Agreement are inadmissible and ultimately support St. George City's position.

Plaintiffs introduce several emails exchanged during the negotiation of the Settlement Agreement in an attempt to argue that the parties intended for Plaintiffs to recover attorneys' fees. These emails are not incorporated into the Settlement Agreement, and the Court should not consider them because the Settlement Agreement is unambiguous. *See Hall v. Process Instruments and Control, Inc.*, 866 P.2d 604, 606 (Utah Ct. App. 1998) ("If the court determines that the

contract terms are unambiguous, we interpret them according to their plain and ordinary meaning and extrinsic or parol evidence is generally not admissible to explain the intent of the parties.") (cleaned up) (citations omitted).

Even if the Court considers the emails, they do not indicate that the parties intended (1) for St. George City to be unable to argue against attorneys' fees based on a change in law, or (2) that the parties intended to contract around any change in law, such that Plaintiffs would be the prevailing party if the law changed to preclude such. The Settlement Agreement is noticeably silent on this. The interpretation Plaintiffs urge violates the cannon of construction entitled *expressio unios est exclusion alterius*. *See Pulham v. Kirsling*, 2019 UT 18, 443 P.3d 1217, n. 9 ("The expression unius principle refers to the maxim "expression unius est exclusion alterius," which is a canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alternative." Expressio unius est exclusio alterius, Black's Law Dictionary (10th ed. 2014)."). This canon indicates that the inclusion of "except as provided in this paragraph" allows for St. Geroge City to contest attorneys' fees for any reason not expressly agreed to by the parties. This includes an intervening change in the law.

### III.    THE SUPREME COURT'S DECISION IN *LACKEY* PROHIBITS ATTORNEYS' FEES IN THIS CASE.

The Supreme court issued *Lackey* just three days before St. George City was required to file its Memorandum in Opposition to Plaintiffs' Motion for Attorneys' Fees; thus, St. George City was still evaluating the decision and if, and how, it may apply to this case. Because of this, St. George City included a brief section on *Lackey* in its Opposition Memorandum and focused on other significant deficiencies in Plaintiffs' Motion, such as block billing, lack of specificity, and employing multiple attorneys for nearly every task in the case.

Upon further review of *Lackey*, St. George City believes its holding precludes Plaintiffs' from being a "prevailing party" entitled to attorneys' fees based on the preliminary injunction they obtained in this case. In *Lackey*, the Supreme Court changed the law with regard to the "prevailing party" in civil rights lawsuits by holding:

> A party "prevails when a court conclusively resolves his claim by granting enduring relief on the merits that alters the legal relationship between the parties. Critically, both the change in relationship and its permanence must result from a judicial order. A preliminary injunction, which temporarily preserves the parties' litigating positions based in part on a prediction of the likelihood of success on the merits, does not render a plaintiff a "prevailing party."

*Id.*, *8. This makes it clear that a party who obtains a preliminary injunction is not a prevailing party entitled to attorneys' fees. As Justice Jackson noted in her dissent, "The Court has now eliminated fee eligibility for all preliminary injunctions – even those that effectively resolve the case." *Id.*, *8 (emphasis in original). Plaintiffs raise several arguments that *Lackey* does not apply, but they do not stand up to close scrutiny.

### A. Plaintiffs' were the "Prevailing Party."

Plaintiffs argue that this case is different because the parties agreed that Plaintiffs were the prevailing party. This argument fails because it is contrary to the law set forth in *Lackey*, and contracting parties cannot contract around the law. *See Baker v. Latses*, 206 P.553, 555 (Utah 1922) ("It is the generally accepted doctrine of this country that every contract in violation of law is void. It is equally true that our courts will not lend their aid to enforcement of nor permit a recovery of compensation under, contracts made and entered into in violation of the law prohibiting them or declaring them to be unlawful.").

### B. *Lackey* is factually distinguishable.

Plaintiffs also argue that *Lackey* is not similar to the present case. This is not true – in fact, the facts in *Lackey* are nearly identical to those here. In *Lackey*, a Virginia statute precluded drivers with suspended licenses to be free from the suspension until they paid the fines they owed. Here, St. George City denied Plaintiffs' special event permit application based on alleged violations of its advertising ordinance and an ordinance instituting a moratorium on special event permit applications. In *Lackey*, the affected individuals went to court and "[i]n December 2018, the District Court granted a preliminary injunction, prohibiting the Commissioner from enforcing the statute against the drivers or future class members." *Lackey*, at 665. Similarly, this Court granted Plaintiffs a preliminary injunction and ordered St. George City to approve their special event permit application and allow the event to go forward, which it did. In *Lackey*, [t]he commission did not appeal the grant of the preliminary injunction." *Id.* Similarly, St. George City did not appeal this Court's preliminary injunction. In *Lackey*, following the preliminary injunction, Virginia repealed the statute. *See Id.* Similarly, St. George City repealed the advertising ordinance and moratorium. Thus, the two cases are identical in every material aspect.

### C. *Lackey* does not apply because this Court found Plaintiffs' claims were not moot.

Plaintiffs argue that *Lackey* does not apply here because "the parties agreed that the action had become moot and stipulated to dismissal," (p. 665), but here this Court denied St. George City's motion to dismiss based on mootness. This argument fails for several reasons.

First, denial of a motion for partial summary judgment is not a final order finding that the issue is not moot. Rather it is a non-final order, issued with all inferences construed in favor of the non-moving party (SUDS), that St. George City was not entitled to summary judgment on the

7

claim of mootness at that time.  *See Stewart v. Oklahoma*, 292 F.3d 1257, 1259 (10th Cir. 2002) ("A denial of summary judgment is not a final order within the meaning § 1291."); *see also McWilliams v. DiNapoli*, 40 F.4th 1118, 1122 (10th Cir. 2022) ("We ordinarily lack jurisdiction to consider a denial of summary judgment because it's not usually considered a final order."). Plaintiffs never obtained a final judgment that their claims were not moot.

Second, Plaintiffs conceded their claims are moot when they filed a joint Notice of Settlement with the Court.  *See* Dkt. #121.  That the Court partially denied summary judgment on mootness several months earlier is irrelevant.  *See United States v. Reed*, 766 Fed.Appx. 661 (10th Cir. 2019) ("[M]ootness, as a threshold issue of jurisdiction, can be raised at any time.") (citations omitted).  In the settlement, the parties "notif[ied] the Court that they have negotiated a resolution of the above-captioned matter." *Id.*  The parties then stated they "are currently drafting a resolution agreement, which is intended to resolve all of the claims in this matter except for Plaintiffs' claim for attorneys' fees and costs, which will be subject to further briefing by the parties." *Id.*  Thus, Plaintiffs have stipulated their claims regarding enforcement of the various ordinances and unconstitutional actions are moot.

Third, the Supreme Court in *Lackey* did not condition its holding on how the case is resolved or whether a defendant admits that the conduct subject to the preliminary injunction violated the Constitution.  To the contrary, the Supreme Court held,

> Because preliminary injunctions do not conclusively resolve the rights of parties on the merits, they do not confer prevailing party status. A plaintiff who secures a preliminary injunction has achieved only temporary success at an intermediary "stage[ ] of the suit." Black's Law Dictionary 1352. It cannot yet be said that he will "ultimately prevail[ ] when the matter is finally set at rest" or that he will have "successfully maintained" his claim "at the end." *Ibid.* And <u>external events that render a dispute moot do not convert a temporary order designed to preserve the status of the parties into a conclusive adjudication of their rights</u>.

8

*Lackey*, at 667-668 (emphasis added).  Here, the "external event" was the Parties' resolution of all claims except for the claim for attorneys' fees, as shown in the Notice of Settlement.  This did not convert the preliminary injunction into a conclusive adjudication of rights, including ripeness/mootness.  As the Supreme Court explained:

> Today, we establish that the enduring nature of that change must itself be judicially sanctioned. A plaintiff who wins a transient victory on a preliminary injunction does not become a "prevailing party" simply because external events convert the transient victory into a lasting one. Rather, a plaintiff "prevails" under the statute when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties.

*Lackey*, at 669.  Thus, the holding in *Lackey* applies to the present case.

### D.  Future Plaintiffs will not be able to recover Attorneys' Fees.

Finally, Plaintiffs advance a classic "parade of horribles" argument that if *Lackey* precludes recovery of attorneys' fees in their case, future plaintiffs will never be able to settle civil rights cases and obtain attorneys' fees.  This is not true.  Plaintiffs can obtain attorneys' fees through the settlement agreement itself.  Like all cases, the great majority of civil rights cases settle before trial, and the settlements include attorneys' fees.  Here, as Plaintiffs note in their Reply Memorandum in Support of their Motion for Attorneys' Fees (Dkt. #140), the parties mediated the dispute and engaged in lengthy settlement discussions that contemplated potential attorneys' fees.[1] Ultimately, Plaintiffs negotiated a settlement that expressly excluded attorneys' fees.  By doing so, Plaintiffs and Defendants both accepted certain risks.  Both parties accepted the risk that the Court would not agree with their position on attorneys' fees, and both parties accepted the risk that

---

[1]  St. George City would agree to waive the confidentiality on these settlement negotiations and submit them to the Court to review the reasonableness of the attorneys' fees requested during settlement negotiations.

the law applicable to attorneys' fees could change at any time.  Thus, the argument that attorneys' fees will never be available through settlement is without merit.

### E.  Conclusion

As set forth above, Plaintiffs' arguments that *Lackey* is inapplicable fail.  Therefore, the Court should apply *Lackey* to determine if attorneys' fees are recoverable in this case.

### CONCLUSION

For the reasons set forth above, Defendants respectfully submit that the Court should enforce the Settlement Agreement in compliance with the Supreme Court's decision in *Lackey* and find that Plaintiffs are not a prevailing party and are not entitled to attorneys' fees.

DATED this 4th day of April, 2025.

SPENCER FANE LLP


 /s/ Scott Young
Scott Young
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of April, 2025, I electronically filed the foregoing **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

_/s/ Annette Gamero_